UNITED STATES of America, Appellee,

v.

**Paul JACOB, Appellant.**

No. 85–1808.

United States Court of Appeals,
Eighth Circuit.

Submitted July 3, 1985.
Decided July 12, 1985.*

* This opinion embodies in writing a decision announced from the bench at the conclusion of the hearing on July 3, 1985.

John Wesley Hall, Jr., Little Rock, Ark., for appellant.

Kenneth F. Stoll, Asst. U.S. Atty., Little Rock, Ark., for appellee.

ARNOLD, Circuit Judge.

This is an application for bail pending appeal, submitted to me as a single circuit judge under Fed.R.App.P. 9(b).[1]

■ The normal practice of this Court is to submit motions for release pending appeal to a panel of three judges. In this case, counsel for appellant requested me, as a single circuit judge, to entertain the application and hold a hearing immediately after appellant's conviction. (Because a presentence report had already been prepared, the District Court[2] had sentenced appellant immediately after the jury verdict, and had also denied appellant's motion for release pending appeal.) Appellant was imprisoned, and a few days would necessarily have been required to get his motion before a panel, so I agreed to hold a hearing on an emergency basis, believing that when a citizen is in jail he should receive prompt consideration of any arguable claim for release. I made clear to counsel, and repeat now, that the decision made on this motion by me as a single judge is provisional only; that is, it is subject to later action, one way or the other, by the bail panel, and appellant's written papers will be submitted to that panel in due course by the Clerk of this Court.

The appellant, Paul Jacob, has been convicted of failing to register for Selective Service, in violation of 50 U.S.C.App. §§ 453, 462(a). He has been sentenced to five years' imprisonment, with four and one-half years suspended on condition that he perform eight hours of community service per week for two of those years. Thus, he will have six months to serve.

---

1. Fed.R.App.P. 9(b) provides, in pertinent part: [I]f an appeal is pending, a motion for release ... pending review may be made to the court of appeals or to a judge thereof. The motion shall be determined promptly upon such papers, affidavits, and portions of the record as the parties shall present and after reasonable notice to the appellee. The court of appeals or a judge thereof may order the release of the appellant pending disposition of the motion.

2. The.Hon. George Howard, Jr., United States District Judge for the Eastern and Western Districts of Arkansas.

The District Court has denied release pending appeal on two grounds: (1) that it could not find by clear and convincing evidence that Jacob was unlikely to flee; and (2) that Jacob's appeal would not present substantial issues likely to result either in a reversal or a new trial.[3]

Since the enactment of the Comprehensive Crime Control Act of 1984, Act of October 12, 1984, 98 Stat. 1976, 1981–82 (1984), the criteria for release pending appeal have been stated in 18 U.S.C. § 3143(b).[4] The statute reads as follows:

(b) *Release or Detention Pending Appeal by the Defendant.*—The judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—

(1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released pursuant to section 3142(b) or (c); and

(2) that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial.

If the judicial officer makes such findings, he shall order the release of the person in accordance with the provisions of section 3142(b) or (c).

As we have remarked in another context, *United States v. Powell,* 761 F.2d 1227 (8th Cir.1985) (en banc), Congress's purpose in enacting the statute was frankly to reduce the numbers of defendants enlarged after conviction. The presumption in prior law in favor of release pending appeal has been explicitly reversed. The two provisions taken together, the statute and Rule 9(c), place the burden on the defendant to show, not merely by a preponderance, but by "clear and convincing evidence," a greater than normal burden of proof, that he is not likely to flee or pose a danger to the safety of any other person or the community if released. In the present case, I find it unnecessary to discuss the second ground assigned by the District Court for denying this motion—that the questions raised on the appeal are not sufficiently substantial.[5] The first ground assigned by the District Court, the ground pertaining to the likelihood of flight, is sufficient to dispose of this motion.

The District Court has found as a fact that appellant has not carried his burden on the issue of the likelihood of flight. The Court remarked from the bench as

---

**3.** In addition to its statement of reasons given from the bench, the District Court, on July 3, 1985, filed a written order explaining its decision to deny bail pending appeal. *United States v. Paul Jacob,* No. LR–CR–82–119 (E.D.Ark. July 3, 1985). Fed.R.App.P. 9(b) requires that "[i]f the district court refuses release pending appeal, or imposes conditions of release, the court shall state in writing the reasons for the action taken."

**4.** Fed.R.App.P. 9(c), the cognate provision of the Federal Rules of Appellate Procedure, provides as follows:

(c) *Criteria for Release.* The decision as to release pending appeal shall be made in accordance with Title 18, U.S.C. § 3143. The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community and that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal or in an order for a new trial rests with the defendant.

**5.** The principal issue that appellant intends to present is that he is a victim of selective prosecution, that he and a few others have been singled out for prosecution for failure to register because of their vocal opposition to registration and to the draft. Similar contentions have been rejected by the Supreme Court, *United States v. Wayte,* —— U.S. ——, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985), and by this Court, *United States v. Eklund,* 733 F.2d 1287 (8th Cir.1984) (en banc), *cert. denied,* —— U.S. ——, 105 S.Ct. 1864, 85 S.Ct. 158 (1985). Jacob contends that these cases are distinguishable. They involved, he says, persons who were vocal opponents of the draft and who also reported directly to the authorities that they were failing to register. Jacob, on the other hand, did not report himself directly to the authorities. He simply opposed registration and the draft vocally. Whether or not this is a viable distinction need not be considered at the present time.

follows: "I can't close my eyes to the evidence presented by the government, the trouble he gave the FBI, the I.D. card and so on." Partial Transcript of Proceedings, *United States v. Paul Jacob*, No. LR–C–82–119, p. 3 (E.D.Ark. July 2, 1985). In its written order, the Court amplified these findings:

> The evidence received during the course of the trial reflects, among other things, that following defendant's indictment by a federal grand jury in September, 1982, defendant was arrested in North Little Rock, Arkansas, by the Federal Bureau of Investigation (FBI) in December, 1984, and at that time he had in his possession an identification card which bore his picture, but an assumed name other than his own. Jacob also denied his identity when confronted by the FBI agents. The evidence also reflects that before Jacob was arrested and taken into custody, he had fled the State of Arkansas and had lived "underground" for approximately two years before he decided to return to Arkansas. Given the fact that Jacob has now been found guilty by a jury of his peers and has been sentenced to imprisonment for a period of six months, the Court is not persuaded that it can find by "clear and convincing evidence", that he is not likely to flee if released on bail pending appeal.

*United States v. Paul Jacob, supra* n. 3, slip op. 2.

The question I must decide is whether these findings are clearly erroneous. The Supreme Court has recently admonished appellate courts that we are not to set aside findings of fact merely because we disagree with them (if we do). Findings need only be "plausible," *Anderson v. City of Bessemer City,* —— U.S. ——, 105 S.Ct. 1504, 1512, 84 L.Ed.2d 518 (1985), to be affirmed. The District Court is much more familiar with this case than I am, having handled all of the pretrial proceedings and sat through the trial. In addition, Jacob testified at an evidentiary hearing before me and frankly admitted, though with some differences of emphasis, the essential facts found by the District Court.[6] Jacob testified, among other things, that he left home at least partly for the purpose of avoiding arrest. He had not, at the time, yet been indicted, but he was indicted about a year later, and his absence from home continued for about another year after the return of the indictment. He also conceded having used the term "underground" to refer to his status while away from Arkansas, and admitted having made a statement to the effect that "it is fairly easy to avoid prosecution if you are mobile and semi-secretive." It is undisputed that Jacob, when finally arrested, initially denied his identity to the FBI agents making the arrest.[7] He also had in his possession at the time a false identification card, bearing his own picture but someone else's name. The card had apparently been prepared for him by friends and supporters in the anti-registration movement. Although he had never used the card, so far as the record shows, its presence on his person clearly supports an inference that he was

---

**6.** The question arises whether it is proper for a court of appeals or a circuit judge to take evidence on an application for release pending appeal. Rule 9(b) at least implies that such evidence should normally not be taken. "The motion shall be determined promptly upon such papers, affidavits, and portions of the record as the parties shall present...." In the present case, appellant claimed that he was not permitted to present evidence to the District Court on the likelihood of flight. Out of an abundance of caution, therefore, I allowed him to testify on this issue, and heard as well testimony in response by two witnesses for the United States. The government denied that the District Court refused to hear evidence from appellant on the question, but it is unnecessary to pursue this issue further. The testimony given by appellant, as noted in text, is not materially inconsistent with the basic findings of fact made by the District Court. If that Court did deny him an opportunity to present evidence on the question, it was in all likelihood because the Court was already familiar with all of the material facts, having heard the evidence at trial. Indeed, the Court's order refers to "[t]he evidence received during the course of the trial...." Slip op. 2.

**7.** Jacob claimed he denied his identity only once. The agents say he denied it three times. This is not a material conflict.

at least contemplating misrepresenting his identity to avoid apprehension.

Jacob points out that he is now married and has a child. Further, his parents are willing to put up their home as security for his appearance. Certainly family ties are a material factor, and they reduce the chance of flight. On the other hand, he has now been convicted of a crime, so the incentive for flight may be greater than for a person who, unconvicted, still retains the presumption of innocence. In the end, the heavy burden placed on Jacob by the statute ("clear and convincing evidence") and the restraint placed on the appellate process by the clearly-erroneous rule are dispositive of this question. I simply cannot say that the District Court's finding that the clear-and-convincing-evidence burden had not been met is clearly erroneous.

The motion for bail pending appeal is therefore denied. This action is without prejudice to whatever further order the panel of three judges to whom this motion, together with any opposition filed by the United States, will be presented, may make.

It is so ordered.