UNITED STATES of America, Plaintiff–Appellee,

v.

Neil W. STEINHORN, Defendant–Appellant.

No. 90–5380.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 9, 1991.

Decided March 8, 1991.

Richard M. Karceski, White & Karceski, Towson, Md., for defendant-appellant.

Gary P. Jordan, First Asst. U.S. Atty., argued (Breckinridge L. Willcox, U.S. Atty., Baltimore, Md., on brief), for plaintiff-appellee.

Before ERVIN, Chief Judge,
PHILLIPS, Circuit Judge, and
BUTZNER, Senior Circuit Judge.

PER CURIAM:

The question before us concerns the proper standard for applying 18 U.S.C. § 3143(b)(2) and Fed.R.App.P. 9(c), which govern release on bail pending appeal.

Neil W. Steinhorn filed a motion for release pending appeal. The district court found that Steinhorn qualified for release on bail with respect to the requirements of 18 U.S.C. § 3143(b)(1): he is not likely to flee, and he does not pose a danger to any person or the community. With respect to the requirements of § 3143(b)(2), the district court concluded that the appeal did not "raise a substantial question of law or fact likely to result in reversal or an order for a new trial." It denied the motion but granted a stay of commitment, which we extended. The government does not contend that this appeal is taken for the purpose of delay. We grant the motion, because the principal issue Steinhorn raises on appeal satisfies § 3143(b)(2).

A jury convicted Steinhorn of money laundering and interstate transportation of stolen goods, and the court imposed a 33-month sentence. Steinhorn has appealed, claiming, among other things, that the court erred in denying a jury instruction on entrapment. Steinhorn contends that a DEA informer entrapped him before the informer told the FBI of the scheme. The district court held that the government was not responsible for the informer's conduct before the FBI became involved, or if the government were responsible, there was no entrapment.

We adopt the procedure first announced in *United States v. Miller*, 753 F.2d 19 (3d Cir.1985), and subsequently accepted by every other circuit, *see United States v. Perholtz*, 836 F.2d 554, 555 (D.C.Cir.1987). In applying § 3143(b)(2) the court must make two inquiries after finding that the appeal is not taken for the purpose of delay. First, whether the question presented on appeal is a "substantial" one. Second, if decided in favor of the accused, whether the substantial question is important enough to warrant reversal or a new trial on all counts for which the district court imprisoned the defendant. *Miller*, 753 F.2d at 23–24.

We adopt the definition of "substantial question" first proposed by the Eleventh Circuit in *United States v. Giancola*, 754 F.2d 898 (11th Cir.1985). That court defined a "substantial question" as:

a "close" question or one that very well could be decided the other way. Further, there are no blanket categories for what questions do or do not constitute "substantial" ones. Whether a question is "substantial" must be determined on a case-by-case basis.

*Giancola*, 754 F.2d at 901 (footnote omitted). Most of the circuits have adopted this definition. *See Perholtz*, 836 F.2d at 555 nn. 1–2.

After reviewing the limited record available to us at this time, we hold that Steinhorn's assignment of error to the court's refusal to instruct on entrapment presents a close question that could be decided either way. If we reverse the district court's ruling on the entrapment issue, we would likely order a new trial. Steinhorn's motion is granted, and he is released pending appeal under his current conditions of release.