**UNITED STATES of America**

v.

**James M. RUFFIN, Defendant.**

**Crim. No. 90–113–N.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Oct. 30, 1991.

Robert W. Wiechering, Asst. U.S. Atty., U.S. Dist. Court, Norfolk, Va., for U.S.

Stephen C. Swain, Virginia Beach, Va., for James M. Ruffin.

REBECCA BEACH SMITH, District Judge.

### ORDER

On February 19, 1991, the court sentenced defendant to twenty-four months imprisonment and $5,650 in fines after he pleaded guilty to accepting a bribe as a public official. On March 5, 1991, defendant filed notice of his appeal. Defendant moved for release on bond pending appeal on March 27, 1991, and the court denied defendant's motion on April 3, 1991. Defendant has now served eight months of his sentence and this matter comes before the court on defendant's motion, filed October 23, 1991, to stay imposition of the remainder of his sentence pending appeal. For the reasons stated below and at defendant's sentencing hearing on February 19, 1991, the court DENIES defendant's motion for stay of execution.

Rule 9(c) of the Federal Rules of Appellate Procedure imposes the burden on the defendant to establish that "defendant will not flee or pose a danger to any other person or to the community *and that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal or in an order for a new trial.*" Fed.R.App.P. 9(c) (emphasis added). Although the court does not find that defendant is likely to flee or pose a danger to any other person or to the community, the court cannot conclude that the appeal is not taken for purpose of delay or that defendant's appeal raises a substan-

tial question of law or fact likely to result in reversal of the sentence imposed.[1]

Defendant has appealed this court's application of United States Sentencing Guideline § 2C1.1(b)(2)(A), which cross references a table that increases the offense level "[i]f the value of the bribe or the benefit received, or to be received, in return for the bribe exceeded $2,000." As an Internal Revenue Service ("IRS") officer, defendant accepted a $600 bribe from an undercover agent, posing as a taxpayer, in return for agreeing to eliminate from IRS records a $10,295 tax liability. Although the value of the bribe was $600, the benefit to be received by the fictitious taxpayer was over $10,000. At the hearing on February 19, 1991, the court concluded that a plain reading of this guideline supported using the $10,295 benefit received to compute the offense level enhancement, rather than the $600 value of the bribe. Defendant contends that the court improperly used the fictitious tax liability of $10,295 to determine defendant's offense level, and that instead the court should have used the value of the bribe itself, $600. Defendant's situation, however, falls squarely within the application notes of the sentencing guidelines.

The guideline application notes state: " 'Value of the bribe or the benefit received, or to be received, in return for the bribe' means *the greater of the value of the bribe or the value of the benefit received*, or to be received, in return for the bribe." U.S.S.G. § 2C1.1, Commentary, note 2 (Nov.1990) (emphasis added). Furthermore, the Sentencing Commission clearly contemplated the use of this guideline in the context of undercover operations:

> Offenses involving attempted bribery are frequently not completed because the victim reports the offense to authorities or is acting in an undercover capacity. Failure to complete the offense does not lessen the defendant's culpability in attempting to use public position for personal gain. Therefore, solicitations and attempts are treated as equivalent to the underlying offense.

U.S.S.G. § 2C1.1, Background (Nov.1990). Thus, the Sentencing Commission foresaw the use of undercover agents in detecting bribery offenses, but in no way reduced the liability of defendants caught in such undercover operations.

Although defendant's current motion brings to the court's attention recent cases that defendant contends call into question the court's application of the sentencing guidelines, the court finds these cases inapplicable and, therefore, unpersuasive. *None of these cases addresses the offense level computation for bribery.*

In *United States v. Takai,* 941 F.2d 738 (9th Cir.1991), in which the defendant bribed an INS official, the court did not address the computation of the defendant's offense level, but instead found reason to depart downwardly after the court calculated the offense level. Thus, the issue before the Ninth Circuit was not whether a court can base the offense level on the benefit received by the person bribing the defendant. Instead, the Ninth Circuit considered whether the circumstances of that case justified the district court's downward departure. The court affirmed the district court, which reasoned: "The pattern of government conduct, the defendants' attempt to play a more limited role, and the absence of pecuniary gain by defendants create mitigating circumstances in a highly unusual bribery case." *Id.* at 741. Thus, the actions of undercover government agents, not rising to the level of entrapment, served as a factor in determining downward departure, not offense level.[2]

---

**1.** Defendant pleaded guilty and is not contesting that plea. Reversal of his conviction or an order of new trial are not, therefore, at issue. The only issue is the calculation and imposition of his guideline sentence.

**2.** The court notes that although a downward departure is not at issue in Mr. Ruffin's case, he has established no similar mitigating circumstances. No evidence before the court suggests that defendant attempted to play a more limited role in the bribery or that the undercover agent's actions influenced defendant's continued participation. Moreover, defendant accepted the $600 bribe money.

In *United States v. Hill*, 936 F.2d 450, 458 (9th Cir.1991), over the government's objection, the appellate court upheld the district court's offense level determination under U.S.S.G. § 2D1.1 for defendant's attempted possession of cocaine. The government argued that the conspiracy negotiations involved more drugs than the court attributed to the defendant, and that therefore the court should have increased the defendant's offense level. The Ninth Circuit upheld the district court's calculation because the drug transaction involved an undefined quantity of drugs, and because the district court reasonably based its calculation on an approximation of prevailing cocaine prices. In contrast, Mr. Ruffin accepted an undisputed amount of $600 as a bribe in return for eliminating $10,295 in tax liability.[3] Defendant's offense, therefore, was in no way undefined. Furthermore, the Ninth Circuit in *Hill* addressed the district court's application of U.S.S.G. § 2D1.1 for a cocaine offense, not U.S.S.G. § 2C1.1 for a bribery offense.

In *United States v. Keung*, No. S 88 CR. 571 (MBM), 1990 WL 48078 (S.D.N.Y. Apr. 7, 1990), a "reverse sting" cocaine conspiracy case in which the government acted as the supplier, the district court carefully examined whether the cocaine weight, which determined the offense level under U.S.S.G. § 2D1.1, conveyed a reliable picture of defendant's criminality. The court found persuasive the following guideline application note: "Where the defendant was not reasonably capable of producing the negotiated amount the court may depart and impose a sentence lower than the sentence that would otherwise result." U.S.S.G. § 2D1.4, Commentary, note 1

(Nov.1990). The court concluded that one of the defendants would not have reasonably anticipated the amount of drugs involved and was therefore entitled to a downward departure. Mr. Ruffin, however, could not benefit from such an analysis, even assuming the analysis applied to bribery offense level calculations.[4] Defendant made no showing that he could not have produced the negotiated result. As an IRS officer, he was in a position to eliminate the $10,295 tax liability from the IRS records, just as he promised the undercover agent.

For the foregoing reasons, and the reasons previously stated on the record on February 19, 1991, the court does not find that defendant's appeal raises a substantial question of law or fact likely to result in reversal. *See United States v. Steinhorn*, 927 F.2d 195, 196 (4th Cir.1991) (adopting the definition of "substantial question" first proposed by the Eleventh Circuit in *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir.1985)). Defendant has raised no new matters that justify a stay of imposition of the remainder of his sentence pending his appeal.[5] Accordingly, defendant's motion to stay imposition of the remainder of his sentence is DENIED.[6]

The Clerk is DIRECTED to send a copy of this order to defendant, to his counsel, and to the Assistant United States Attorney.

It is so ORDERED.

---

**3.** Of course the undercover agent could not have actually benefited by $10,295 because the agent's tax liability was fictitious. Defendant, however, intended to benefit the agent by $10,-295, and as discussed above, *see supra* at 386, the guidelines clearly contemplate imposing liability on a defendant in such circumstances.

**4.** Again, like the court in *Hill*, the court in *Keung* interpreted and applied U.S.S.G. § 2D1.1 for a cocaine offense, not U.S.S.G. § 2C1.1 for bribery offenses.

**5.** Contrary to defendant's contentions, the court in no way considered the expected duration of

defendant's appeal process when it denied defendant's first motion to stay his sentence pending appeal. The record contains absolutely no support for this assertion, other than an argument presented in the government's brief. The position never even merited consideration by the court and, therefore, it was not addressed. It will not be addressed at this time because it is of no relevance to the court's imposition of sentence or decision on the current motion to stay.

**6.** The court finds a hearing unnecessary to the resolution of this motion.