51 F.3d 269
 75 A.F.T.R.2d 95-1613
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
C. Raymond DIETZ, Sr., Defendant-Appellant.
 No. 94-5733.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 21, 1995.
Decided March 28, 1995.
 
 C. Raymond Dietz, Sr., appellant pro se. Carmina Szunyog Hughes, Assistant United States Attorney, Baltimore, MD, for appellee.
 Before WILKINS, Circuit Judge, and PHILLIPS and CHAPMAN, Senior Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Charles Raymond Dietz, Sr., appeals from his conviction of and sentence imposed for willful failure to file income tax returns for the years 1987, 1988, and 1989, in violation of 26 U.S.C.A. Sec. 7203 (West Supp.1994). He has moved in this Court for release pending appeal and for summary judgment. We deny his motions for release pending appeal and for summary judgment and affirm his conviction and sentence.
 
 
 2
 Prior to trial, Dietz filed a number of motions challenging the validity of the information, the authority of the magistrate judges to conduct proceedings, and the authority of the agents of the Internal Revenue Service ("IRS") to conduct a search and seizure. He also requested discovery and sought to have his case dismissed on his motions. The district court summarily denied all of the motions--except those granted by consent--finding that the motions were moot or were governed by well-settled law.
 
 
 3
 Dietz objected to the district court's refusal to issue specific findings with respect to each of the motions, arguing that it deprived him of his Fifth and Sixth Amendment rights. The district court denied Dietz's request to certify the case for an interlocutory appeal pursuant to 28 U.S.C.A. Sec. 1292(b) (West 1993), and his motion for a stay of the proceedings pending the appeal. Dietz responded: "I am going to instruct my attorney to stand mute, and I myself intend to stand mute throughout this trial, the reason being that my constitutional right of Fifth and Sixth Amendments have been denied me." At Dietz's request, the court informed the jury of Dietz's decision to stand mute. The court advised Dietz that he would not be held to this decision and that he could cross-examine witnesses and present evidence.
 
 
 4
 The government presented evidence that Dietz had income for 1987, 1988, and 1989, in excess of the statutory income requirement for filing a return, that he had filed income tax returns every year prior to the years in issue, but had not filed returns for 1987, 1988, or 1989, and that the IRS had contacted Dietz informing him of his obligation to file the returns. The government also produced evidence that Dietz took steps to prevent his employer from withholding taxes from his income and attempted to conceal his assets.
 
 
 5
 At the close of the government's evidence, Dietz moved for a judgment of acquittal, arguing that the government did not and could not prove willfulness. The district court denied the motion, noting that willfulness can be inferred from the surrounding circumstances.
 
 
 6
 The court then afforded Dietz the opportunity to present a defense or evidence in his defense. Dietz replied, "I choose to remain mute." The court again instructed the jury regarding Dietz's decision not to present evidence in his defense and informed them that Dietz chose to remain mute because he believed that his Fifth and Sixth Amendment rights had been violated when the court refused to issue specific findings and conclusions of law on each of his pretrial motions and refused to certify the case for an interlocutory appeal.
 
 
 7
 The jury returned a verdict of guilty as to each count charged in the information. Dietz noted an appeal immediately after the verdict was entered and then moved for judgment of acquittal, raising his challenges to the validity of the information. The district court denied this motion.
 
 
 8
 The probation officer prepared a presentence report advising that Dietz's criminal history category is I and his offense level, based upon the amount of the tax loss, is nine. See United States Sentencing Commission, Guidelines Manual, Secs. 2T1.2(a), 2T4.1 (Nov.1989). The resulting imprisonment range is four to ten months.
 
 
 9
 During the sentencing hearing, Dietz contested the probation officer's determination of the amount of the tax loss, arguing that his wages were not income, therefore he had no taxable income for the years at issue. Dietz argued that with no tax loss, the offense level is five, yielding a zero to six-month sentence. He also moved for a stay pending appeal.
 
 
 10
 The court denied the motion for stay and sentenced Dietz to four months imprisonment and another four months of home detention with electronic monitoring as a condition of his one-year period of supervised release. See U.S.S.G. Sec. 5C1.1(d). The court allowed Dietz to voluntarily surrender on February 6, 1995. Dietz appealed.
 
 
 11
 On appeal, Dietz contends that the court erred in denying his motion for acquittal, that each of the three counts of the information contain two citations to 26 U.S.C. Sec. 7203, in violation of the Double Jeopardy Clause, and that the information is defective because of multiplicity or duplicity. (Appellant's Br. at 6-8). Because Dietz is a pro se litigant, we have conducted a thorough review of the record to determine whether there exist any issues warranting relief on appeal.
 
 I. Dietz's pretrial motions
 
 12
 Dietz moved to dismiss the charges because the charging document was not made under oath or accompanied by an affidavit as required by Fed.R.Crim.P. 3. However, Rule 3--which applies to criminal complaints--is not applicable to prosecutions commenced by the filing of an information, as was Dietz's. See Fed.R.Crim.P. 7(a), (c).
 
 
 13
 In another motion to dismiss, Dietz argued that the information failed to charge a crime because it relied upon 26 U.S.C. Sec. 7203, which prescribes penalties for failure to file an income tax return, but did not cite 26 U.S.C.A. Sec. 6012 (West 1989), which requires that a return be filed. The failure of the information to cite the statute requiring that a return be filed is not grounds for dismissal of the information and does not warrant relief. Fed.R.Crim.P. 7(c)(3); United States v. Kahl, 583 F.2d 1351, 1355 (5th Cir.1978) (citation to Sec. 6012 not necessary where indictment cited Sec. 7203 and set forth elements of charged offense); see United States v. Hutcheson, 312 U.S. 219, 229 (1941).
 
 
 14
 Dietz also moved to dismiss the charges arguing that 26 U.S.C.A. Sec. 7608 (West Supp.1994), which authorizes IRS agents to enforce the criminal provisions of the Internal Revenue Code, and 26 U.S.C.A. Sec. 7203, the statute under which he was charged, were not published in the Federal Register along with implementing regulations; therefore, they do not have the force of law. This argument is meritless.
 
 
 15
 Dietz moved to dismiss the acts of the magistrate judges who presided over his initial appearance and his arraignment, citing the portion of Fed.R.Crim.P. 5(c), which states: "If the charge against the defendant is not triable by the United States magistrate judge, the defendant shall not be called upon to plead." Fed.R.Crim.P. 5(c). Dietz was not asked to plead during his initial appearance; the magistrate judge, complying with Rule 5 informed him of the charges in the information and advised him of his rights. Moreover, the Local Rules for the District of Maryland authorize a magistrate judge to preside over arraignments and accept a plea. D. Md. Local Rule 301(6)(m); see Fed.R.Crim.P. 57. Because Dietz refused to enter a plea, the magistrate judge properly entered a plea of not guilty on Dietz's behalf. Fed.R.Crim.P. 11(a)(1). Finding no violation of Rule 5, we find that the district court properly denied these motions.
 
 
 16
 The district court properly dismissed, as moot, Dietz's motions for disclosure of jury panel information and for discovery. The jury panel information was provided and Dietz and the government had entered into an informal discovery agreement.
 
 
 17
 Dietz also moved for summary judgment and to strike any consolidated response by the government, contending that the government failed to timely respond and must respond separately to each pretrial motion. However, the record shows that the government filed a timely consolidated opposition which individually addressed each of Dietz's motions.
 
 
 18
 Because all of these motions were either moot, meritless, or answered by well-settled law, we find no abuse of discretion in the district court's summarily denying the motions in the name of judicial economy.
 
 II. Dietz's motion for acquittal
 
 19
 The test for deciding a motion for judgment of acquittal is whether there is substantial evidence which, taken in the light most favorable to the government, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt. Fed.R.Crim.P. 29(a); United States v. MacCloskey, 682 F.2d 468, 473 (4th Cir.1982). The government produced evidence that for each of the years in question, Dietz had income in excess of the statutory requirement for filing a return, that he had not filed tax returns for the years in issue, and that he knew that he was required to file returns. We find that the evidence was sufficient to sustain a conviction, see Glasser v. United States, 315 U.S. 60, 80 (1942), and that the district court properly denied Dietz's motions for judgment of acquittal. See MacCloskey, 682 F.2d at 473.
 
 
 20
 In his motion for judgment of acquittal and on appeal, Dietz argues that the information was invalid because each of the three counts cite to 26 U.S.C.A. Sec. 7203 twice. He contends that this violates double jeopardy and is multiplicitous or duplicitous. These attacks are meritless. Double jeopardy is not implicated by the charge that Dietz failed to file income tax returns "in violation of Title 26 of the United States Code, Section 7203. 26 U.S.C. Section 7203[.]" Moreover, because Dietz failed to raise his duplicity and multiplicity arguments before trial and failed to establish cause, these challenges were waived.[1] Fed.R.Crim.P. 12(b)(2); see United States v. Price, 763 F.2d 640 (4th Cir.1985).
 
 III. Sentence
 
 21
 During the sentencing hearing Dietz argued that the amount of the tax loss was incorrectly computed. However, the uncontroverted evidence at trial supported the district court's finding that the amount of the tax loss was in excess of $28,000. See McMillan v. Pennsylvania, 477 U.S. 79, 91 (1986); United States v. Daughtrey, 874 F.2d 213 (4th Cir.1989). We find no error in the determination of Dietz's sentence.[2]
 
 IV. Release pending appeal
 
 22
 Dietz moved the district court and now this Court for release pending appeal. See 18 U.S.C.A. Sec. 3143(b) (West Supp.1994). To grant such relief, this Court must find that the defendant poses no risk of flight or risk of danger to the community and that the appeal presents a substantial question. United States v. Steinhorn, 927 F.2d 195, 196 (4th Cir.1991). Although Dietz has the burden of proving that his appeal presents a substantial question, he failed to present such a question either in his motion or on appeal. Therefore, we deny this motion. We also deny, as meritless, Dietz's motion for summary judgment premised upon error in the government's informal brief.
 
 
 23
 In conclusion, we deny Dietz's motion for release pending appeal and affirm Dietz's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 We note that had Dietz preserved these issues, they were properly denied. Each count of the information charges a single violation of Sec. 7203, and is therefore not duplicitous. See United States v. Stanley, 597 F.2d 866 (4th Cir.1979). Also, each count of the information charges a separate offense, for a separate year. See United States v. Love, 767 F.2d 1052, 1062-63 (4th Cir.1985), cert. denied, 474 U.S. 1081 (1986)
 
 
 [2]
 Although it does not affect Dietz's sentence, we note that the amount of the tax loss was $28,723.41, rather than the $28,765 used by the court