**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 95-5377

JAMES RALPH HARRIS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-94-667)

Submitted: March 19, 1996

Decided: April 15, 1996

Before WILKINS, HAMILTON, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Susan Z. Hitt, Assistant Federal Public Defender, Columbia, South
Carolina, for Appellant. J. Preston Strom, Jr., United States Attorney,
William E. Day, II, Assistant United States Attorney, Florence, South
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

James Ralph Harris appeals his conviction and sentence after entering a guilty plea to one count of assaulting a United States postal carrier with intent to rob, 18 U.S.C.A. § 2114 (West Supp. 1995), 18 U.S.C. § 2 (1988). After a thorough review of the parties' briefs and the record, we affirm.

At his plea hearing, the Government described how Appellant and his cousin Natasha Harris robbed postal carrier H.B. Mahoney to obtain food stamps. Appellant and Natasha borrowed a car belonging to Appellant's sister, Wendy Pettus. Appellant approached Mahoney and asked to buy some postage stamps. As Mahoney retrieved the stamps, Appellant sprayed his face with pepper mace and fled with bundles of mail. Mail recovered after the robbery bore Natasha's finger prints. Natasha later confessed to the crime and detailed Appellant's role for police.

The Government returned a three-count indictment charging Appellant, Natasha Harris, and Wendy Pettus with offenses related to the robbery. Appellant negotiated a plea agreement with the Government. In exchange for Appellant's guilty plea to count one of the indictment, the Government dismissed two counts against him and the single count pending against Pettus.

Before entering his plea, Appellant stated under oath that he was a high school graduate, did not suffer from mental illness or drug addiction, was not under the influence of any drugs, had fully discussed his indictment and case with his attorney, and was fully satisfied with counsel's representation and advice. After the prosecutor recited the provisions of the plea agreement in open court, Appellant stated that he understood the agreement. He stated that no one had made other promises or assurances to him concerning his plea and that no one had attempted to force or intimidate him into pleading guilty. The court explained the possible civil and criminal penalties resulting from his plea, which he confirmed he understood. Appellant then explained his understanding of supervised release, acknowledging that a violation thereof could result in an additional prison sen-

2

tence. The court described the nature of sentencing under the Guidelines, and Appellant averred that he understood.

The court also advised Appellant of the rights he relinquished in pleading guilty, including the right: (1) to a trial by jury; (2) to a jury's determination of guilt beyond a reasonable doubt; (3) to be represented by counsel; (4) to question and cross-examine witnesses; (5) to present testimony and subpoena witnesses; and (6) to testify or not to testify on his own behalf. The court outlined the charge against him and explained the essential elements the Government would have to prove at trial. The court also heard from the Government on the factual basis for the plea. Appellant admitted his guilt, and the court accepted his guilty plea. The court confirmed that the plea agreement required the Government to dismiss two counts against Appellant and the count against his sister. The court found Appellant's plea knowing, voluntary, and supported by each essential element of the crime charged.

At sentencing, Appellant objected to a pending state criminal charge described in his presentence report, claiming it had been dismissed. The court assured counsel that "the pending charge will not be considered in any way, whether it's pending or not. I find it to be insignificant and I do not consider it."

The court noted that Natasha Harris and Wendy Pettus had stated that they smoked crack cocaine with Appellant immediately prior to committing the crime. Appellant denied using drugs of any kind. The court stated that it was "interested for purposes of sentencing whether treatment for a drug problem is warranted, not so much in determining the appropriate sentence within the Guidelines." The court told Appellant that his use of crack would not be considered in setting his sentence length but would be considered in deciding whether to order drug testing and surveillance during supervised release. Appellant again denied drug use.

The court held an evidentiary hearing on the issue. The Government called Natasha Harris, who testified that she and Appellant smoked crack before the robbery. She admitted that the crack belonged to her. She stated that she had smoked crack with Appellant on four or five other occasions and that she usually supplied the drug.

3

She admitted she was a regular user of crack cocaine at the time. Appellant elected not to testify further on the issue. The court found Natasha Harris's admission credible and ordered drug treatment as a condition of Appellant's supervised release.

Appellant was sentenced to a term of thirty-seven months imprisonment, at the bottom of the applicable Guidelines range.* After the sentence was pronounced, counsel renewed his motion for release on bond pending the beginning of his prison term. The Government pointed out that Appellant was convicted of a violent crime and had been denied bond in his initial detention hearing and on motion for reconsideration. The court denied the motion, noting its disbelief of Appellant's denial of drug use.

Appellant noted an appeal from his conviction and sentence. Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating her belief that no meritorious issues exist on appeal but raising several claims. Appellant was advised of his right to file a brief to supplement the issues raised by counsel, but he did not do so.

Appellant first challenges the sufficiency of the Fed. R. Crim. P. 11 colloquy at his plea hearing. We find no merit to this claim. The court fully apprised Appellant of his rights under Rule 11(c) and of the consequences of his plea. The court also confirmed that a sufficient factual basis existed to support the plea. See Fed. R. Crim. P. 11(f); United States v. Morrow, 914 F.2d 608, 611 (4th Cir. 1990). There is no evidence in the record which would rebut the strong presumption of veracity accorded Appellant's statements in open court. Morrow, 914 F.2d at 613-14. The dictates of Rule 11 were fully satisfied.

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1994). The base offense level for assault of a mail carrier with intent to rob is twenty. USSG § 2B3.1(a) & App. A. Harris received a two point enhancement for stealing property of the United States Post Office, the undelivered mail. See USSG § 2B3.1(b)(1)(A). Appellant received a three-level reduction for acceptance of responsibility under USSG § 3E1.1(a), (b). His total offense level, therefore, was nineteen. His criminal history category was III, resulting in an applicable guidelines range of thirty-seven to forty-six months imprisonment. USSG Ch. 5 Pt. A.

Appellant next alleges that his plea was coerced by the Government's promise to drop the charge against his sister. However, such a provision is "a legitimate bargaining tool in the plea process." United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991) (citing LoConte v. Dugger, 847 F.2d 745, 752 (11th Cir.), cert. denied, 488 U.S. 958 1988)), cert. denied, 503 U.S. 997 (1992). The Government's agreement not to prosecute Wendy Pettus was merely part of the consideration for Appellant's plea of guilty. See id. The provision was plainly part of the written agreement and was identified by the court before accepting the plea. Moreover, Appellant stated under oath that he was not forced or intimidated into entering a guilty plea and had not been made any promises beyond those contained in the written contract.

Appellant faults the sentencing court for considering certain charges pending against him in New York in setting his Guideline range and sentence. He also avers that the court improperly considered his alleged drug usage, which he denied, in setting his sentence. However, these claims are refuted by the record. Neither the pending state charges nor the alleged drug use were factors in sentencing. They were not used to set Appellant's offense level or criminal history category. The sentencing court explicitly stated that they were not a consideration in setting Appellant's sentence. The court's statement was confirmed when it sentenced Appellant to the minimum prison term allowable within the applicable Guidelines range.

The court considered Appellant's prior drug usage in ordering drug treatment as a condition of supervised release. However, we hold that the court's finding was not clearly erroneous. United States v. Falesbork, 5 F.3d 715, 722 (4th Cir. 1993). The court held an evidentiary hearing on the issue and found credible Natasha Harris's admission that she used crack with Appellant. See USSG § 6A1.3(a). Such testimony is sufficient to establish that Appellant used crack cocaine by a preponderance of the evidence. See Falesbork, 5 F.3d at 722; United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

Appellant's last contention is that the sentencing court erred in refusing to release him on bond pending execution of his sentence. Under 18 U.S.C.A. § 3143(a) (West Supp. 1995), the sentencing judge "shall order that a person who has been found guilty of an

5

offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ." Because Appellant is currently serving his sentence in a federal correctional institution in Estill, South Carolina, his claim is moot. Moreover, to the extent that his motion can be construed as a request for release pending appeal, Appellant has not met his burden of presenting a substantial question for this Court's review. United States v. Steinhorn, 927 F.2d 195, 196 (4th Cir. 1991). Finally, Appellant did not show by clear and convincing evidence that he would not be a risk if released. The court's finding that he was less than "candid" about his crack cocaine usage and the fact that he committed a violent crime previously while under the influence of the drug are sufficient to justify denying the motion.

In accordance with Anders, we have thoroughly examined the entire record for any potentially meritorious issues for appeal. We find none. This court requires that counsel inform her client in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED