**UNITED STATES of America**

v.

**David E. STEVENS, Defendant.**

**Crim. Action No. 97–00073–C**

United States District Court,
W.D. Virginia,
Charlottesville Division.

Jan. 16, 1998.

David L. Heilberg, Margaret McLeod Cain, Charlottesville, VA, for Defendant.

## MEMORANDUM OPINION

MICHAEL, Senior District Judge.

On 11 December 1997, Magistrate Judge Crigler sentenced the defendant in the above-captioned matter for a violation of 36 C.F.R. § 4.23(a)(2) and ordered the defendant in the above-captioned matter to report to serve his term of imprisonment when notified to do so by the United States Bureau of Prisons or Marshal's Service. Defendant now seeks a stay of execution of his sentence of imprisonment while his appeal of his conviction is pending before this court.

Under Fed.R.Crim.P. 58, "[t]he provisions of Rule 38 relating to stay of execution shall be applicable to a judgment of conviction or sentence [in proceedings involving misdemeanors and other petty offenses.]" (West 1997). Under Fed.R.Crim.P. 38, "A sentence of imprisonment shall be stayed if an appeal is taken from the conviction or sentence and the defendant is released pending disposition of an appeal pursuant to Rule 9(b) of the Federal Rules of Appellate Procedure." (West 1997). Fed.R.App.P. 9(b) states that a defendant may obtain review of a release order made after a judgment of conviction. The defendant is essentially requesting a review of the release order of the magistrate judge made after the judgment of conviction. Fed.R.App.P. 9(c) states that the decision regarding release should be made according to the provisions of 18 U.S.C. §§ 3142, 3143 and 3145(c).

Section 3143(b) requires that the court order a convicted defendant detained unless the court finds that the defendant is unlikely to flee or pose a danger to another person or the community if released, *and* "that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." (West 1997 Supp.). *See also, United States v. Ruffin,* 779 F.Supp. 385, 385 (E.D.Va. 1991), *aff'd,* 974 F.2d 1333 (4th Cir.1992) (reiterating the factors to be considered). In enacting this statute, Congress expressly re-

versed prior law favoring release pending appeal. *United States v. Jacob,* 767 F.2d 505, 508 (8th Cir.1985).

■ The defendant bears the burden of showing "by clear and convincing evidence" that he meets the requirements of the statute: that he is unlikely to flee, to pose a danger to a person or community, and that his appeal poses "a substantial question of law or fact likely to result in reversal of the sentence imposed." *Ruffin,* 779 F.Supp. at 386; *United States v. Steinhorn,* 927 F.2d 195, 196 (4th Cir.1991); *Jacob,* 767 F.2d at 507. The Fourth Circuit has adopted the definition of substantial question first proposed in *United States v. Giancola:*

> a "close" question or one that very well could be decided the other way. Further, there are no blanket categories for what questions do or do not constitute "substantial" ones. Whether a question is "substantial" must be determined on a case-by-case basis.

754 F.2d 898, 901 (11th Cir.1985), *cited in, United States v. Steinhorn,* 927 F.2d at 196. In *Steinhorn,* the Fourth Circuit held that the defendant had posed a substantial question of law when he asserted that the trial judge was required to give a jury instruction of entrapment when the defendant contended "that a [Drug Enforcement Agency] informer entrapped him before the informer told the [Federal Bureau of investigation] of the scheme." 927 F.2d at 196. However, in *Ruffin,* the court found that available law indicated that the appropriate offense level had been determined under the Sentencing Guidelines, and that, therefore, no substantial question was presented for review by the appellate court. 779 F.Supp. at 387.

■ Defendant Stevens offers little evidence that he is unlikely to flee. He merely indicates that he "would like to work as much as possible before he has a hearing on his appeal" and that he fears that he may lose his job if imprisoned. Defendant offers even less evidence of the substantiality of his appeal of his conviction. Because defendant does not demonstrate by clear and convincing evidence that the appeal presents any question likely to be resolved in Mr. Stevens'

favor, the court denies defendant's Motion to Stay Execution of Sentence.