**UNITED STATES**

v.

**Robert I. MAHER, Defendant.**

**No. CRIM.A. 97–0001–H.**

United States District Court,
W.D. Virginia,
Charlottesville Division.

June 5, 1998.

Timothy S. Coyne, Fowler, Griffin, Coyne & Coyne, P.C., Winchester, VA, for Robert I. Maher.

Jean Barrett Hudson, U.S. Attorney's Office, Charlottesville, VA, for U.S.

*MEMORANDUM OPINION*

MICHAEL, Senior District Judge.

*Background*

Robert Maher pled guilty to one count of bank fraud in violation of 18 U.S.C. § 1344. The fraud consisted of the defendant's kiting of checks between the Bank of Clarke County and the Farmers and Merchants Bank, both federally insured financial institutions located in Winchester, Virginia. On 30 April 1998, this Court sentenced the defendant to thirteen months imprisonment. Defendant now seeks a stay of execution of his sentence of imprisonment while his appeal of this Court's sentence is pending.

*Discussion*

The circumstances under which a defendant who has pled guilty and been sentenced can be released pending an appeal are defined in the Bail Reform Act at 18 U.S.C. § 3143(b). Subsection (2) of that statute mandates detention pending appeal for defendants convicted of any of the serious types of crimes listed in 18 U.S.C. § 3142(f)(1)(A) through (C). Because the relevant crime here does not fall into any of those classes, subsection (2) is inapplicable. When considering a defendant's motion to stay sentence pending appeal, § 3143(b) requires a four-step analysis. The Court must find:

(1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;

(2) that the appeal is not for the purpose of delay;

(3) that the appeal raises a substantial question of law or fact; and

(4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial,

18 U.S.C. § 3143(b).

The defendant bears the burden of showing "by clear and convincing evidence" that he meets the requirements of the statute. *United States v. Ruffin,* 779 F.Supp. 385 (E.D.Va.1991), *aff'd,* 974 F.2d 1333 (4th Cir. 1992); *United States v. Steinhorn,* 927 F.2d 195, 196 (4th Cir.1991).

Considering the four factors enunciated by the Bail Reform Act, this court finds, first that there is little risk that the defendant will flee, and the government has conceded as much. The defendant has been released on bail on an unsecured bond in the amount of $2000 and those conditions of release imposed by this court at the defendant's sentencing remain in effect. Second, it does not appear that the defendant is appealing his sentence for the purpose of delay.

▮ Despite the apparent high standard of materiality required by the "substantial question" language of § 3143(b), judicial interpretations of the statute have not been so strict. The Fourth Circuit adheres to an approach established by the Eleventh Circuit and also adopted by the Second Circuit holding that a substantial question is "a 'close' question or one that very well could be decided the other way." *United States v. Giancola,* 754 F.2d 898, 901 (11th Cir.1985), *cited in, United States v. Steinhorn,* 927 F.2d at 196.

▮ The potentially "substantial question" asserted by Maher is whether the court erred in giving him a two point increase in his offense level under Guideline § 2F1.1(b)(3)(A). That Guideline, permits a two point increase if the offense involves "a misrepresentation that the defendant was acting on behalf of a charitable, educational, religious, or political organization or a government agency." U.S.S.G. § 2F1.1(b)(3)(A). In arguing that Guideline § 2F1.1(b)(3)(A) does not apply to him, the defendant relies heavily on the Commentary to the Guidelines. In interpreting or explaining the Sentencing Guidelines, the Commentary is authoritative unless it violates the Constitution, a federal statute, or is inconsistent with or a plainly erroneous reading of the Guidelines. *Stinson v. United States,* 508 U.S. 36, 38, 113 S.Ct. 1913, 1915, 123 L.Ed.2d 598 (1993).

Application Note 4 gives three examples of conduct which Guideline § 2F1.1(b)(3)(A) encompasses: (1) those defendants who solicit contributions to a non-existent famine relief organization by mail; (2) defendants who divert donations for a religiously affiliated school by telephone solicitations to church members in which the defendants falsely claim to be fund raisers for the school; and (3) defendants who pose as federal collection agents to collect delinquent student loans. U.S.S.G. § 2F1.1, comment. (n.4). Based on these examples and the Background to § 2F1.1, Maher argues that § 2F1.1(b)(3)(A) is applicable only where a defendant made some affirmative misrepresentation concerning his authority to act on behalf of an educational, charitable or government organization in order to take advantage of a victim's trust or charitable motives. This court believes that Maher has construed the Guideline too narrowly. Maher abused his position as the president of the Civil War Education Association. In this position the defendant was responsible for the organization's fi-

nances and this included control of its bank accounts. Without this position of responsibility and trust, Maher would not have had the opportunity to commit the crime for which he stands convicted. See *United States v. Marcum*, 16 F.3d 599 (4th Cir.1994) (finding that a member of a sheriff's department who skimmed funds from bingo games held out as charitable fund raisers abused his position of trust).

■ This court, however, concedes that Maher's argument presents a close question as the Fourth Circuit has not yet had occasion to construe the Guideline's language requiring that a convicted defendant have acted "on behalf of" an educational organization. Though the Fourth Circuit in *Marcum* applied § 2F1.1(b)(3)(A) to conduct which did not involve a false representation of the defendant's authority to act on behalf of an organization, it did not precisely decide what it means to "act on behalf of" and the factual background underlying *Marcum* is sufficiently distinguishable from this case such that Maher's argument presents a close question. While this court believes that it is sufficient for a defendant to act on behalf of an educational organization where he abuses a position of trust to defraud an unsuspecting victim, at least one other federal court has disagreed. In *United States v. Frazier*, the Tenth Circuit held that § 2F1.1(b)(3)(A) applies only to conduct "that induces the victim to contribute funds because the defendant has falsely led the victim to believe that he has the capacity to act as an agent or employee for the...educational organization." 53 F.3d 1105 (10th Cir.1995). The court, therefore, concludes that a substantial question concerning the applicability of § 2F1.1(b)(3)(A) has been raised by the defendant.

■ Turning to the Bail Reform Act's requirement that this court find by clear and convincing evidence that the substantial question raised by a defendant on appeal is likely to result in a reduced sentence, it should be noted that most jurisdictions have looked beyond the plain meaning of § 3143(b)(1)(B)'s language. Read literally, this subsection might be taken to condition bail on a district court's finding that its own judgment is likely to be reversed on appeal. The correct approach, universally adopted by the circuit courts of appeal, is to ask whether a reduction would likely result, assuming the appellate court rules in defendant's favor. See *United States v. Bayko*, 774 F.2d 516, 522 (1st Cir.1985); *United States v. Randell*, 761 F.2d 122, 125 (2d Cir.), *cert. denied*, 474 U.S. 1008, 106 S.Ct. 533, 88 L.Ed.2d 464 (1985); *United States v. Miller*, 753 F.2d 19, 23 (3d Cir.1985); *United States v. Steinhorn*, 927 F.2d 195, 196 (4th Cir.1991); *United States v. Valera–Elizondo*, 761 F.2d 1020, 1022–23 (5th Cir.1985); *United States v. Pollard*, 778 F.2d 1177, 1181–82 (6th Cir.1985); *United States v. Bilanzich*, 771 F.2d 292, 298 (7th Cir.1985); *United States v. Powell*, 761 F.2d 1227, 1231 (8th Cir.1985); *United States v. Handy*, 761 F.2d 1279, 1280 (9th Cir.1985); *United States v. Affleck*, 765 F.2d 944, 952 (10th Cir.1985); *United States v. Giancola*, 754 F.2d 898, 900 (11th Cir.1985); *United States v. Perholtz*, 836 F.2d 554, 555 (D.C.Cir.1987). If the Fourth Circuit were to agree with Maher as to the applicability of § 2F1.1(b)(3)(A), a reduction in sentence could occur.

The defendant has met his burden with respect to the four considerations established by the Bail Reform Act and is entitled to release pending appeal. Defendant's motion is therefore GRANTED. Bail is set at $2000.00 and can be satisfied by an unsecured bond and release is continued under the conditions previously set by the court.

An appropriate order this day shall issue.

### ORDER

After hearing from both parties in the above captioned matter, for the reasons stated in the accompanying Memorandum Opinion, it is this day

### ADJUDGED AND ORDERED

as follows:

1. That defendant's May 15, 1998 motion for release pending appeal shall be, and hereby is, GRANTED;

2. That release is conditioned on $2000.00 bail that may be satisfied through an unsecured bond; and

3. That release is continued under the conditions previously set by the court.