**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4297**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TOMMY NOVACK LLOYD, a/k/a T-Lloyd,

Defendant - Appellant.

**No. 22-4359**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TOMMY NOVACK LLOYD, a/k/a T-Lloyd,

Defendant - Appellant.

Appeals from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., Senior District Judge.  (3:20-cr-00453-JFA-12)

Submitted:  January 31, 2023                           Decided:  July 27, 2023

Before NIEMEYER, GREGORY, and RUSHING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Elizabeth A. Franklin-Best, Ranee Saunders, ELIZABETH FRANKLIN-BEST, P.C., Columbia, South Carolina, for Appellant. Adair F. Boroughs, United States Attorney, Columbia, South Carolina, Andrew R. De Holl, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tommy Novack Lloyd appeals his conviction for conspiracy to possess with intent to distribute and to distribute less than 500 grams of cocaine, in violation of 21 U.S.C. § 846. In Appeal No. 22-4297, Lloyd challenges the denial of his motion to withdraw his guilty plea. In Appeal No. 22-4359, Lloyd asserts that the district court erred in denying his motion for release pending appeal. For the reasons that follow, we affirm.

We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012). Although a defendant does not have an absolute right to withdraw a guilty plea, *United States v. Walker*, 934 F.3d 375, 377 n.1 (4th Cir. 2019), a court may grant a motion to withdraw a plea if "the defendant can show a fair and just reason for requesting the withdrawal," Fed. R. Crim. P. 11(d)(2)(B). "The defendant bears the burden of demonstrating that withdrawal should be granted." *United States v. Thompson-Riviere*, 561 F.3d 345, 348 (4th Cir. 2009) (cleaned up). "The most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted." *Nicholson*, 676 F.3d at 384 (internal quotation marks omitted). "[A] properly conducted Rule 11 guilty plea colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn." *Id.* (internal quotation marks omitted). It is undisputed that the Rule 11 plea colloquy was properly conducted in this case.[*]

---

[*] Lloyd argues that the district court erred in refusing to allow him to introduce into evidence recordings of his post-guilty plea conversations with counsel who represented him at the plea hearing. Lloyd contends that these recordings undermine the Fed. R. Crim.

3

We have identified the following six non-exclusive factors to consider when determining whether a "fair and just reason" exists to warrant withdrawal of a guilty plea:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

*United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991).  The first, second, and fourth *Moore* factors generally are the most significant, *United States v. Sparks*, 67 F.3d 1145, 1154 (4th Cir. 1995).  Our review of the record reveals no abuse of discretion in the weight the district court accorded Lloyd's sworn statements at the Rule 11 hearing and convinces us that the district court appropriately considered the *Moore* factors.  Accordingly, we conclude that the district court did not abuse its discretion in finding that these considerations counseled against allowing Lloyd to withdraw his plea.

Turning to Lloyd's challenge to the district court's denial of his motion for release pending appeal, a defendant "who has been found guilty of an offense and sentenced to a term of imprisonment" must be detained pending appeal, unless the court finds "(A) by clear and convincing evidence that the person is not likely to flee or pose a danger . . . if

---

P. 11 colloquy.  We generally review a district court's evidentiary rulings for abuse of discretion "and we will only overturn an evidentiary ruling that is arbitrary and irrational." *United States v. Cole*, 631 F.3d 146, 153 (4th Cir. 2011) (internal quotation marks omitted).  As the district court observed, these were recordings of conversations that occurred after Lloyd pled guilty.  Any attempt to rely on these recordings to rescind Lloyd's guilty plea is little more than a red herring.

4

released," and "(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in (i) reversal, [or] (ii) an order for a new trial."  18 U.S.C. § 3143(b).  A "substantial question" is defined as "a close question or one that very well could be decided the other way."  *United States v. Steinhorn*, 927 F.2d 195, 196 (4th Cir. 1991) (per curiam) (internal quotation marks omitted).

Lloyd's appeal does not present a substantial question likely to result in reversal or a new trial.  Consequently, Lloyd cannot meet the criteria for release pending appeal and the district court did not err in denying his motion.

We therefore affirm the criminal judgment and the district court's order denying Lloyd's motion for release pending appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*