**UNITED STATES of America,
Respondent,**

v.

**Jack RANDELL, Petitioner.**

**Docket 85–1150.**

United States Court of Appeals,
Second Circuit.

Argued April 26, 1985.

Decided May 3, 1985.

As Amended June 4, 1985.

Mark M. Baker, New York City (Slotnick & Cutler, P.C., Barry Ivan Slotnick, New York City, of counsel), for petitioner.

John Mulcahy, New York City, Sp. Asst. U.S. Atty., S.D.N.Y. (Rudolph W. Giuliani, U.S. Atty., S.D.N.Y., New York City, of counsel), for respondent.

Before FEINBERG, Chief Judge, FRIENDLY and NEWMAN, Circuit Judges.

FEINBERG, Chief Judge:

This application for bail pending appeal calls upon us to interpret that portion of the Bail Reform Act of 1984, Pub.L. No. 98–473, tit. II, 98 Stat.1976, that conditions such release upon a finding that the appeal "raises a substantial question of law or fact likely to result in reversal or an order for a new trial." *Id.* at § 203, 98 Stat.1982 (to be codified at 18 U.S.C. § 3143). Because the proper interpretation of this section is an issue of first impression in this court, we believe it appropriate to decide the motion in a published opinion rather than by order.

## I.

Jack Randell moves in this court, pursuant to Fed.R.App.P. 9(b), for bail pending the determination of his appeal from a judgment of conviction entered by Chief Judge Constance Baker Motley after a jury trial in the United States District Court for the Southern District of New York. For his role in what we are told was a four-year long scheme to defraud pharmaceutical manufacturing companies of approximately $1.2 million, petitioner was found guilty of 84 counts of mail fraud, 18 U.S.C. §§ 2 and 1341, 33 counts of wire fraud, 18 U.S.C. §§ 2 and 1343, and one Racketeer Influenced and Corrupt Organizations (RICO) count, 18 U.S.C. §§ 2 and 1962(c). He was also convicted of five counts of tax evasion, 26 U.S.C. § 7201. Petitioner was sentenced to five years in prison on each count of mail fraud and wire fraud and on the RICO count, and received a one-year prison term and a $20,000 fine on each tax evasion count plus the costs of prosecution. Chief Judge Motley ordered that these terms of imprisonment run concurrently, so that petitioner faces a maximum term of five years.

After sentence was imposed, petitioner moved in the district court for bail pending appeal pursuant to 18 U.S.C. § 3143. The district court denied his motion, finding "that there is no substantial question of law or fact likely to result in reversal or new trial." This application followed.

## II.

Section 3143 provides, in relevant part:

(b) Release or Detention Pending Appeal by the Defendant.

The judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—

(1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if re-

leased pursuant to section 3142(b) or (c); and (2) that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial.

If the judicial officer makes such findings, he shall order the release of the person in accordance with the provisions of section 3142(b) or (c).

■ The petition before us involves a criterion for release that has attracted significant attention since enactment of section 3143: the requirement in subsection (b)(2) that an appeal raise "a substantial question of law or fact likely to result in reversal or an order for a new trial." Read literally, this subsection might be taken to condition bail upon a district court's finding that its own judgment is likely to be reversed on appeal. However, like the other circuits that have considered this issue, we believe that such a construction does not fairly reflect congressional intent. *See United States v. Giancola*, 754 F.2d 898, 900–01 (11th Cir.1985); *United States v. Handy*, 753 F.2d 1487, 1489 (9th Cir.1985);[1] *United States v. Miller*, 753 F.2d 19, 23–24 (3d Cir.1985). To define "substantial" questions as those "likely to result in reversal or an order for a new trial" not only renders superfluous the word "substantial" —since an insubstantial question will hardly result in reversal—but presumes that district courts will consciously leave "substantial" errors uncorrected. We agree with the court in *Miller* that

the phrase "*likely* to result in reversal or an order for a new trial" cannot reasonably be construed to require the district court to predict the probability of reversal.... Instead, the language must be read as going to the significance of the substantial issue to the ultimate disposition of the appeal.

753 F.2d at 23. Though clearly Congress intended section 3143 to reverse the then prevailing presumption in favor of post-conviction bail, see S.Rep. No. 225, 98th Cong., 2d Sess. 26, *reprinted in* 1984 U.S.Code Cong. & Ad.News 3182, 3209, we do not

---

**1.** This citation is to the advance sheet of *Handy.* Subsequent to the filing of this opinion, *Handy* was amended; the amended version is reported at —— F.2d —— (9th Cir.1985).

believe it intended either to eliminate bail pending appeal or make such bail dependent upon "the willingness of a trial court to certify" that it is likely to be reversed. *Miller, supra,* 753 F.2d at 23.

A more appropriate interpretation of subsection (b)(2) thus requires a district court to determine first whether any question raised on appeal is a "substantial" one. The *Miller* court defined a substantial question as "one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." 753 F.2d at 23. *Giancola* held that a substantial question "is one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." 754 F.2d at 901. *Handy* defined substantial as "fairly debatable." 753 F.2d at 1490.[2] We do not believe that these definitions of "substantial" differ significantly from each other, but if we were to adopt only one, it would be the language of *Giancola.*

■ If a court does find that a question raised on appeal is "substantial," it must then consider whether that question is "so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial." *Miller, supra,* 753 F.2d at 23. We note that on this issue, as on all the criteria set out in subsection (b), the burden of persuasion rests on the defendant. *See* S.Rep. No. 225, *supra,* at 27, *reprinted in* 1984 U.S.Code Cong. & Ad.News at 3210.

■ We thus conclude that before a district court may grant bail pending appeal, it must find:

(1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;

(2) that the appeal is not for purpose of delay;

(3) that the appeal raises a substantial question of law or fact; and

(4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial on all counts on which imprisonment has been imposed.

*Miller, supra,* 753 F.2d at 24; see *Giancola, supra,* 754 F.2d at 901.

### III.

In this case, the district court explicitly relied upon the analysis of section 3143(b) that the Third Circuit enunciated in *Miller* and that we adopt here. While not making express findings that defendant was not likely to flee or to pose a danger to any other person or that the appeal was not for the purpose of delay, the court proceeded to the third prong of the *Miller* standard and found defendant's appeal to raise no "substantial" questions. Neither petitioner nor the government has contested reliance on the *Miller* analysis. Petitioner's only claim is that the district court erred in its assessment of the substantiality of his appellate claims.

■ We need spend little time in considering whether the district court erred in refusing to find that the questions raised in petitioner's appeal are substantial. Petitioner informs us that on appeal he will raise three issues: (1) that the district court's instructions improperly precluded the jury from finding that he lacked the specific intent requisite for mail fraud and wire fraud; (2) that the court improperly barred evidence as to industry-wide practices in the pharmaceutical industry and improperly refused to instruct the jury to consider such practices; and (3) that the mailings and telephone calls charged in the indictment cannot give rise to mail and wire fraud because the fraud alleged had already been consummated by the time they were made. However, we are not required to decide whether these questions are substantial, since they pose no challenge to petitioner's conviction on the five tax evasion counts. Petitioner's only claim with respect to the tax counts is that the jury could have been affected by the "spill-

---

**2.** The amended opinion in *Handy,* supra, does not depart from the definition of "substantial" as

"fairly debatable" that was initially adopted in that case.

126

over" from the court's other alleged errors. We do not believe that this "spillover" argument is sufficient to satisfy the burden of persuasion that Fed.R.App.P. 9(c), as amended by § 210 of the Bail Reform Act of 1984, places upon petitioner. *See* S.Rep. No. 225, *supra,* at 27 n. 86, *reprinted in* 1984 U.S.Code Cong. & Ad.News at 3210 n. 86. We therefore deny petitioner's application on the ground that he has not carried his burden of persuading this panel that the appeal raises a substantial question of law or fact likely to result in reversal or an order for a new trial on all of the counts for which he received prison terms.

The application is denied. Petitioner's motion for an expedited appeal has already been granted.