UNITED STATES of America, Plaintiff,

v.

M. Merrill MILLER, Defendant.

No. 88–CR–190.

United States District Court, N.D. New York.

Feb. 22, 1990.

Frederick J. Scullin Jr., U.S. Atty., N.D. N.Y., Syracuse, N.Y., for plaintiff; Gary Sharpe, of counsel.

Putrino & Pelella, Endwell, N.Y., for defendant; Charles R. Putrino, of counsel.

MEMORANDUM—DECISION—ORDER

McAVOY, District Judge.

*Facts*

The defendant, M. Merrill Miller moves pursuant to Rule 9(b), Federal Rules of Appellate Procedure and Rule 46(c), Federal Rules of Criminal Procedure, for an order releasing the defendant pending appeal from the judgment entered in the above-captioned case on January 25, 1990 pursuant to 18 U.S.C. §§ 3146 and 3148. The defendant had filed a notice of appeal from the judgment to the United States Court of Appeals for the Second Circuit on February 2, 1990.

Section 3143 provides in relevant part:
(b) Release or Detention Pending Appeal by the Defendant.

The judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—

(1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released pursuant to section 3142(b) or (c); and

(2) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial.

If the judicial officer makes such findings, he shall order the release of the person in accordance with the provisions of section 3142(b) or (c).

The petition before us, however, involves a criterion for release that has attracted significant attention since enactment of section 3143: the requirement in subsection (b)(2) that an appeal raise "a substantial question of law or fact likely to result in reversal or an order for a new trial." This issue, specifically, the appropriate interpretation of subsection (b)(2) was considered by the Second Circuit in *United States v. Randell,* 761 F.2d 122 (2d Cir.1985). That Court's conclusion was consistent with those of other circuits that have considered this issue and have held that a substantial question "is one of more substance than would be necessary to a finding that it was not frivolous." *Id.* at 125, citing *United States v. Giancola,* 754 F.2d 898, 900–01 (11th Cir.1985). *See also United States v. Miller,* 753 F.2d 19, 23–24 (3d Cir.1985). The *Miller* court defined a substantial question as "one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." 753 F.2d at 23. And in *United States v. Handy,* 753 F.2d 1487, 1490 (9th Cir.1985) the court defined substantial as "fairly debatable." None of these definitions differ significantly from one another, however, the Second Circuit in *Randell* chose to adopt the language of *Giancola. Randell,* 761 F.2d at 125.

Lastly, if a court does find that a question raised on appeal is "substantial," it must then consider whether that question is "so integral to the merits of the conviction on which the defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial." *Miller, supra,* 753 F.2d at 23. The Court in *Randell* also noted that on this issue, as on all the criteria set out in subsection (b), the burden of pursuasion rests on the defendant. *See* S.Rep.No. 225, 98th Cong., 2d Sess. 26, 27, *reprinted in* 1984 U.S.Code Cong. & Ad.News 3182, 3210.

■ Therefore, before a district court may grant bail pending appeal, it must find:

(1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;

(2) that the appeal is not for purpose of delay;

(3) that the appeal raises a substantial question of law or fact; and

(4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial on all counts on which imprisonment has been imposed.

*Miller, supra,* 753 F.2d at 24; see *Giancola, supra,* 754 F.2d at 901.

■ For the purpose of expediency, we will assume that the defendant has met the first two requirements under *Miller* and we will move to the third and fourth prongs. This Court concludes that the defendant's appeal fails to raise any "substantial" questions of law or fact, and therefore, the defendant's request for bail pending appeal is hereby denied.

The defendant informs us that on appeal he will raise two issues: (1) that the defendant was not adequately represented by counsel; and (2) that the sentence imposed was excessive. More specifically, the defense argues that due to a conflict of interest, about which he claims he was not informed of until close to the date of the plea, he was denied effective assistance of counsel. Further, he alleges that he was pursuaded to plead guilty by his attorney who stated that it would cost him alot of money, around $15,000 to $20,000 to go to trial, that the defendant was legally and morally guilty, that the prosecutor would not recommend jail, and that if he wanted to go to trial, he would have to hire a new attorney.

Regarding the jail sentence, the defendant alleges that trial counsel failed to contest the term of the sentence even though the defendant is over 80 years old, had health problems, and lives a life that is balanced on eating habits and exercise which could be upset by a jail sentence.

It is this Court's opinion that none of these issues constitute a "substantial" question requiring an analysis of the fourth and final prong of the *Miller* stan-

dard. In accepting the defendant's plea of guilty to one count in the Indictment, the Court adequately inquired into the defendant's basis for his decision to plead guilty. The defendant was questioned concerning the adequacy of the representation provided to him by his attorney, and whether any one made any promises to him at any time concerning his plea of guilty. The defendant failed to voice any disfavor with his counsel, and denied that any promises of any kind were made to him. Based on these facts, this Court concludes that no substantial question of fact or law exists which would permit this Court to release the defendant on bail pending the outcome of his appeal.

ORDERED, the defendant's Order to Show Cause and request to be released on bail pending appeal is hereby denied.

IT IS SO ORDERED.