**UNITED STATES of America**

v.

**Dennis DELANOY and Michael T. Larson, Defendants.**

No. 93–CR–360.

United States District Court, N.D. New York.

Oct. 17, 1994.

Levene, Gouldin & Thompson, Binghamton, NY (John L. Perticone, of counsel), for defendant Delanoy.

Law Offices of John W. Young, Binghamton, NY (John W. Young, of counsel), for defendant Larson.

Thomas J. Maroney, U.S. Atty. for N.D. New York, Binghamton, NY (Miroslav Lovric, Asst. U.S. Atty., of counsel), for government.

## MEMORANDUM, DECISION & ORDER

McAVOY, Chief Judge.

Defendants Delanoy and Larson were indicted on thirty-four (34) counts of mail fraud, wire fraud, and conspiracy to commit both mail and wire fraud. A trial in this case commenced on May 3, 1994 and a jury convicted the defendants of all counts on May 19, 1994. On September 23, 1994, the court sentenced defendant Delanoy to thirty (30) months and sentenced defendant Larson to twelve (12) months and one day in prison. On September 23, 1994 and September 26, 1994, defendants Larson and Delanoy respectively filed Notices of Appeal from the judgment against them. Defendants now move pursuant to Fed.R.App.P. 9 for an order releasing them pending appeal.

The decision to release an individual pending appeal must be made according to 18 U.S.C. § 3143 and the defendant must establish that: (1) he will not flee or pose a danger to any other person or to the community; and (2) the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in a reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence of a term of imprisonment less than the total time already served plus the expected duration of the appeal process. Fed. R.App.P. 9(c); 18 U.S.C. § 3143(b)(1)(B).

The defendants here argue that bail pending appeal is proper because: (1) the appeal is not made for the purposes of delay; (2) the appeal raises substantial questions of law and fact likely to result in a reversal or an order for a new trial; (3) they are not likely to flee; and (4) they do not pose a danger to the community or to any individual. The government concurs with defendants on factors one, three and four. However, the government does argue that defendants have failed to show by clear and convincing evidence that their appeal raises a substantial question of law or fact likely to result in a reversal or an order for a new trial.

### 1. Clear and Convincing Evidence Standard

First, the court disagrees with the government's interpretation of 18 U.S.C. § 3143(b)(1) that the defendants must prove all required factors by clear and convincing evidence. This section states in pertinent part that:

[t]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal.... be detained, unless the judicial officer finds—

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released.... and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

(i) reversal,

(ii) an order for a new trial,

(iii) a sentence that does not include a term of imprisonment, or

(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1).

In examining the plain language of 18 U.S.C. § 3143(b) there is no question that the clear and convincing evidence standard only ap-

plies to defendants' requirement to prove they are not a risk of flight or a danger to the community. The clear and convincing language is stated only in § 3143(b)(1)(A) which discusses the risk of flight and danger to others. This standard does not apply to the substantial question factor of § 3143(b)(1)(B). Thus, the defendants do not have to prove by clear and convincing evidence that they have a substantial question of law or fact likely to result in a reversal or an order for a new trial. If Congress had intended the clear and convincing evidence standard to apply to both subsections (A) and (B) it could have easily placed the "clear and convincing" language under section (1) which applies to both subsections (A) and (B) or could have reiterated the standard in both subsections (A) and (B). Congress not having done so, this court will not interpret the clear and convincing standard any more broadly than the plain language requires. Subsection (B) must be analyzed under a preponderance of the evidence standard. *See United States v. Butler*, 704 F.Supp. 1351, 1352 (E.D.Va.1989).

### 2. Substantial Question and Likelihood of Reversal

█ Thus, the remaining issue is whether defendants have shown by a preponderance of the evidence a substantial question of law or fact which is likely to result in a reversal or an order for a new trial.

The leading case in the Second Circuit interpreting section 3143(b)(1) is *United States v. Randell*, 761 F.2d 122 (2d Cir.), *cert. denied*, 474 U.S. 1008, 106 S.Ct. 533, 88 L.Ed.2d 464 (1985). A substantial question of law or fact is "one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir.1985), *quoted with approval in United States v. Randell*, 761 F.2d at 125.

█ If the court finds that a substantial question has been raised, then it must next determine whether the defendants have shown that the question "is so integral to the merits of the conviction on which defendant[s

are] to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial." *United States v. Miller*, 753 F.2d 19, 23 (3d Cir.1985), *quoted in United States v. Randell*, 761 F.2d at 125. The reversal must be likely on all counts for which imprisonment has been imposed. *Randell*, 761 F.2d at 125.

Setting the semantics aside, it is important to note that district courts are not being placed in a position where they are forced to decided if their own orders are likely to be reversed. As articulated by the Third Circuit in *Miller, supra*, to do so would undermine the practical effect of the statute. More specifically, the Third Circuit stated:

A district judge who, on reflection, concludes the he or she erred may rectify that error when ruling on post-trial motions. Judges, do not knowingly leave substantial errors uncorrected or deliberately misconstrue applicable precedent. Thus, it would have been capricious of Congress to have conditioned bail only on the willingness of a trial judge to certify his or her own error.

*Miller*, 753 F.2d at 23.

With this standard in mind, the court will address the defendant's arguments.

Defendants' contentions that their appeal raises substantial questions resulting in a likelihood of reversal rests on three pillars. First, defendants assert that the court committed reversible error when it refused to charge the jury with certain proposed language which essentially stated that thinking about perpetrating a crime is not unlawful, and therefore, statements made by the defendants captured on audiotape and entered into evidence are an insufficient basis on their own to convict the defendants. Second, they assert that the court improperly allowed into evidence hearsay testimony on a connection between the Ameriquest and Binary Assets operations which was highly prejudicial to the defendants. Third, defendant Larson claims that the court ruled incorrectly in denying a motion for a mistrial after an allegedly prejudicial transcript of an audiotape prepared by the government was left in the possession of the jury.

■ The defendants claim regarding the court's refusal to include certain language in the jury charge is "one of more substance than would be necessary to a finding that it was not frivolous" and is a question "that very well could be decided the other way." *Giancola,* 754 F.2d at 901. Thus, the court believes that a substantial question has been posed by the defendants. However, the defendants have made no showing that it is an issue that "is so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial." *Miller,* 753 F.2d at 23.

The case from which the defendants drew the proposed language for the jury charge, *United States v. Washington Water Power Co.,* 793 F.2d 1079, 1082 (9th Cir.1986), did not indicate that the trial court should have included such language in the jury charge. Rather, the language cited in the defendants' proposed jury instructions was a discussion by the court of the elements of proving a conspiracy. It was not a discussion of a trial court's necessary instructions to a jury. Thus, there is no evidence before the court which shows that such language must be included in a jury charge and thus the lack of such instruction is so integral to the merits of the conviction as to create a reversible error.

■ The defendants claim regarding evidence of the Ameriquest operation poses the same situation. It is clear that the decision to allow the admission of certain evidence on the unindicted Ameriquest venture could be decided the other way. However, the defendants have made no showing that the evidence involving the Ameriquest venture was so integral to the merits of the conviction that its prohibition by the circuit court would likely require a reversal or new trial. Defendants have made no showing as to the importance of this particular evidence as a basis for the conviction, and so the court cannot find that a reversal or order for a new trial is likely.

■ Defendant Larson's claim regarding the motion for mistrial does not rise to the level of a substantial question likely to result in a reversal or order for a new trial. Upon learning of the transcript left with the jurors during trial testimony, the court inquired of each juror, in the presence of the defendants and counsel for both sides, and outside the presence of the other jurors, as to whether they utilized the transcript at any time after the playing of the tape or whether they noticed any other juror doing so. Each juror indicated that they did not use the transcript after the tape was played and did not see other jurors doing so either. This, refutes defendants' contention that the presence of the transcript raises a substantial question.

In so finding, the court hereby denies defendants Delanoy and Larson's motions for bail pending appeal.

**IT IS SO ORDERED.**