### UNITED STATES of America

v.

### Constance HART, Defendant.

### No. 93–CR–407.

United States District Court, N.D. New York.

Dec. 1, 1995.

Thomas J. Maroney, United States Attorney, Northern District of New York (Richard Southwick, Assistant U.S. Attorney, of Counsel), Syracuse, New York, for U.S.

## MEMORANDUM–DECISION AND ORDER

MUNSON, Senior District Judge.

In the instant motion the defendant Constance Hart seeks to stay her sentence pending appeal pursuant to 18 U.S.C. § 3143(b). The court heard oral argument on November 9, 1995 at Syracuse, New York. After considering the risk of flight and the substantial questions the defendant intends to raise on appeal, the court grants defendant's motion for release. The following constitutes the court's memorandum-decision and order.

## BACKGROUND

Constance Hart was convicted by jury of one count of bank fraud. 18 U.S.C. § 1344. She was sentenced to twenty-one months imprisonment and ordered to make restitution in the amount of $89,700.78. Defendant is scheduled to surrender for incarceration on December 5, 1995. Judgment, Document ("Doc.") 52.

The fraud consisted of the defendant's kiting of checks between the Skaneateles Savings Bank and OnBank from June 4 to June 8, 1990. At trial the government moved to admit evidence of other check kites the defendant conducted in the past. Doc. 33. Although normally prohibited by Federal Rule of Evidence 404(b), the court allowed the evidence for the purpose of proving the defendant's intent, as defense counsel had argued no such intent existed in his opening statement to the jury. Government's ("Gov.'s") Memorandum ("Mem.") in Opposition to Defendant's ("Def.'s") Motion For Acquittal, Doc. 45, at 3.

## DISCUSSION

The circumstances under which a convicted and sentenced defendant can be released pending an appeal are defined in the Bail Reform Act at 18 U.S.C. § 3143(b). Subsection (2) of that statute mandates detention

Bruce R. Bryan, Syracuse, New York, for Defendant.

pending appeal for defendants convicted of any of the serious types of crimes listed in 18 U.S.C. § 3142(f)(1)(A) through (C). However, because the relevant crime here does not fall into any of those classes, the applicable subsection for purposes of this decision is (1). This subsection reads in relevant part:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released ... and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> (i) reversal,
>
> (ii) an order for a new trial,
>
> . . . .

The Bail Reform Act of 1984 reversed the presumption in favor of bail pending appeal embodied in the Bail Reform Act of 1966. Robin C. Larner, Annotation, *What is "A Substantial Question of Law or Fact Likely to Result In Reversal or an Order for a New Trial" Pursuant to 18 U.S.C. § 3143(b)(2) Respecting Bail Pending Appeal?*, 79 A.L.R.Fed. 673, 677 (1986 & Supp.1994). This policy in favor of bail between conviction and disposition of appeal was unknown at common law. In the United States, it arose after appeals of right were first authorized for federal criminal cases in 1891. *United States v. Galanis*, 695 F.Supp. 1565, 1566 (S.D.N.Y.1988). The presumption in favor of bail was based on "the theory that a person accused of a crime shall not, until he has been finally adjudged guilty in the court of last resort, be absolutely compelled to undergo imprisonment or punishment." *Hudson v. Parker*, 156 U.S. 277, 284, 15 S.Ct. 450, 453, 39 L.Ed. 424 (1895); *accord United States v. Motlow*, 10 F.2d 657, 659 (7th Cir. 1926) (releasing owner of Jack Daniels Distillery on bail pending appeal for Prohibition Act convictions). This presumption survived through the Bail Reform Act of 1966, which generally allowed release pending appeal, un-

less the appeal was adjudged frivolous or intended for delay only, or the defendant was considered a flight risk or a danger to the community. Larner, 79 A.L.R.Fed. at 677.

The Bail Reform Act of 1984 reversed this presumption, putting the burden on the defendant to demonstrate that she is entitled to release pending appeal. S.Rep. No. 2, 98th Cong., 2d Sess. 26, *reprinted in* 1984 U.S.C.A.A.N. 3182, 3209; *United States v. Randell*, 761 F.2d 122, 124 (2d Cir.), *cert. denied*, 474 U.S. 1008, 106 S.Ct. 533, 88 L.Ed.2d 464 (1985). The Senate Judiciary Committee cited two reasons for the change: (1) a conviction in a court of law is presumably correct in law, and (2) the often lengthy appeals process might result in a decrease in the deterrent effect of the criminal law, as persons convicted at trial could be free on bail for months or even years. *See* 1984 U.S.C.A.A.N. at 3209. The increasing availability of court-appointed attorneys had also increased the number of appeals, and "some social discontent arose concerning the perceived ineffectual administration of the criminal law." *Galanis*, 695 F.Supp. at 1567. It is clear, however, that bail pending appeal is still available. *Randell*, 761 F.2d at 125 (citing *United States v. Miller*, 753 F.2d 19, 23 (3d Cir.1985)).

■ The four-step analysis for granting bail pending appeal under the modern Act was set forth by Chief Circuit Judge Feinberg in *Randell*. The court must find

> (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;
>
> (2) that the appeal is not for the purpose of delay;
>
> (3) that the appeal raises a substantial question of law or fact; and
>
> (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial on all counts on which imprisonment has been imposed.

*Randell*, 761 F.2d at 125 (citing *Miller*, 753 F.2d at 24 and *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir.1985)).

■ The court finds in favor of the defendant with respect to all four of the prescribed findings.

### Risk of Flight and Danger to the Community

There appears to be little appreciable risk that the defendant will flee, and the government has conceded as much. Gov.'s Mem. in Opposition to Release Pending Appeal, Doc. 55, at 3. The defendant has been released on bail on an unsecured bond in the amount of $20,000 since her arraignment two years ago, conditioned only on her refraining from possessing a firearm, abusing alcohol, or using illegal narcotics. Order Setting Conditions of Release, Doc. 4. There is no suggestion that she has violated these conditions. After conviction and again after sentencing, bail was continued on these conditions. The defendant has made all required appearances. Defendant has conscientiously sought the prior permission of the court to leave the Northern District for business purposes, even though she was subject to no travel restrictions in the release order. Letter from Andre Sobolevsky, Doc. 47. A local businesswoman, the defendant appears to have substantial community ties, is married, and has several children. The court consequently finds that the evidence is clear and convincing that Constance Hart is unlikely to flee while her appeal is pending. *Cf. Galanis,* 695 F.Supp. at 1570.

Regarding the danger factor, nothing in the record suggests that the defendant poses a threat to anyone. The defendant was not convicted of any violent crime, or a crime with which violence is commonly associated. Moreover, it does not seem that the defendant will be able to reperpetrate a kiting scheme against OnBank or Skaneateles Savings Bank. The evidence clearly and convincingly shows that no danger will accrue to any person or institution if the defendant is released.

### Purpose of Delay

It does not appear that defendant is appealing her conviction for the purpose of delay. When there is no pattern of dilatory defense tactics during the conduct of the litigation or other extrinsic evidence of an intent to delay the inevitable, the court is left with the undesirable task of discerning a defendant's subjective mindset. In these circumstances, the court is content to note that the defendant at no time has admitted her guilt and seems sincere in her belief that she is innocent. She has retained appellate counsel and has raised substantial issues for consideration by the Second Circuit, as detailed below. The court finds that the appeal is not for the purpose of delay, but is rather taken in a good faith belief in defendant's innocence and the merits of her arguments.

### Substantial Question of Law or Fact

■ Despite the apparent stiff standard of materiality required by the "substantial question" language of § 3143(b), judicial interpretations of the statute have not been so strict. The Second Circuit addressed the issue in *Randell,* specifically adopting a definition of "substantial question" formulated by the Eleventh Circuit: "In short, a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." *United States v. Giancola,* 754 F.2d 898, 901 (11th Cir.1985) (quoted in *United States v. Randell,* 761 F.2d 122, 125 (2d Cir.), *cert. denied,* 474 U.S. 1008, 106 S.Ct. 533, 88 L.Ed.2d 464 (1985)). The *Randell* court also cited with approval interpretations by the Ninth Circuit, *United States v. Handy,* 761 F.2d 1279, 1281 (9th Cir.1985) (substantial question is "fairly debatable"), and the Third Circuit, *United States v. Miller,* 753 F.2d 19, 23 (3d Cir.1985) (issue should be novel, not decided by controlling precedent, or fairly doubtful). Having examined what "substantial" means, the court now turns to the questions raised by defendant.

■ The defendant suggests two avenues for appeal: the question of criminal intent and the admission of the FRE 404(b) evidence. Motion For Stay Pending Appeal, Doc. 53. With respect to the issue of intent, defendant argues that the evidence at trial was insufficient as a matter of law to establish that she possessed the requisite intent to defraud any bank. The mens rea required for fraud is one of specific intent. *Resolu-*

*tion Trust Corp. v. S & K Chevrolet,* 868 F.Supp. 1047, 1062 (C.D.Ill.1994). Specifically, defendant argues that she honestly believed that Skaneateles Savings Bank had established a policy respecting her checking account whereby any checks she wrote against insufficient funds would nevertheless be honored, on the assumption that she would eventually make good the overdrafts.

Whether mens rea exists in a criminal case is obviously nonfrivolous, and the issue as presented by counsel for defense transcends the merely nonfrivolous, as required by *Randell.* The defense has identified appellate decisions reversing bank fraud jury convictions on the issue of intent. *E.g., United States v. Medeles,* 916 F.2d 195 (5th Cir. 1990); *United States v. Blackmon,* 839 F.2d 900 (2d Cir.1988). Obviously, the court is of the opinion that no reversible error has occurred, or it would have granted relief in post-trial motions. But, as Chief Judge Brieant observed in *Galanis,* "[l]ittle purpose would be served for this Court to anticipate or draft the articles and points which will be contained in appellant's brief." 695 F.Supp. 1565, 1569 (S.D.N.Y.1988). The court need go no further than conclude that a substantial question of mens rea has been raised by defendant.

The court similarly concludes that the admission of the FRE 404(b) extrinsic acts presents a substantial question for appeal. In the instant case, evidence of past check-kiting was allowed in the prosecution's case-in-chief because counsel for defense clearly represented in his opening statement that he would introduce evidence tending to negate intent. In the past it is true the Second Circuit has stated as a general rule that it is "usually preferable for the trial court to await the conclusion of the defendant's case before admitting similar act evidence." *United States v. Danzey,* 594 F.2d 905, 912 (2d Cir.), *cert. denied sub nom. Gore v. United States,* 441 U.S. 951, 99 S.Ct. 2179, 60 L.Ed.2d 1056 (1979) (citing *United States v. Leonard,* 524 F.2d 1076, 1092 (2d Cir.1975), *cert. denied,* 425 U.S. 958, 96 S.Ct. 1737, 48 L.Ed.2d 202 (1976) and *United States v. Benedetto,* 571 F.2d 1246, 1249 (2d Cir.1978)).

The issue of the admission of the past check kites is not insubstantial in this case. The rules of evidence generally preclude the introduction of similar acts. *Danzey* and the cases cited therein provide that when an exception applies to the general rule, the trial court should normally wait until the defendant has finished her case before admitting the similar acts. The case at bar thus involved an exception within an exception. It is a question that could very well be decided the other way on appeal, within *Randell*'s meaning. Again, the court is of the opinion there was no error: in *Danzey* itself the admission of the similar acts during the prosecution's case was upheld with respect to one of the defendants. 594 F.2d at 910–15. But the court's task is not to prognosticate the ultimate results, as is detailed more fully in the next section. Rather the decision regarding bail pending appeal only obligates the court to screen out insubstantial questions of fact and law.

The court finds that the questions raised regarding the mens rea of the defendant and the propriety of the admission of the FRE 404(b) similar acts are substantial for purposes of the pre-appeal release determination.

### Likelihood of Reversal or New Trial Order

Initially, it must be noted that most jurisdictions, including the Second Circuit, have held that § 3143(b)(1)(B) does not mean what it seems to say. "Read literally, this subsection might be taken to condition bail upon a district court's finding that its own judgment is likely to be reversed on appeal." *Randell,* 761 F.2d at 124. However, as Judge Sloviter warned, such a construction would put federal judges "in the position of 'bookmakers' who trade on the probability of ultimate outcome." *United States v. Miller,* 753 F.2d 19, 23 (3d Cir.1985); *accord Galanis,* 695 F.Supp. at 1569. Such a role being undesirable, the correct approach is to ask whether a new trial or reversal would likely result, *assuming* the appellate court rules in defendant's favor. This interpretation has been universally adopted by the circuit courts of appeal. *See United States v. Bayko,* 774 F.2d 516, 522 (1st Cir.1985); *United States v. Randell,* 761 F.2d 122, 125 (2d Cir.),

*cert. denied,* 474 U.S. 1008, 106 S.Ct. 533, 88 L.Ed.2d 464 (1985); *United States v. Miller,* 753 F.2d 19, 23 (3d Cir.1985); *United States v. Steinhorn,* 927 F.2d 195, 196 (4th Cir. 1991); *United States v. Valera–Elizondo,* 761 F.2d 1020, 1022–23 (5th Cir.1985); *United States v. Pollard,* 778 F.2d 1177, 1181–82 (6th Cir.1985); *United States v. Bilanzich,* 771 F.2d 292, 298 (7th Cir.1985); *United States v. Powell,* 761 F.2d 1227, 1231 (8th Cir.1985); *United States v. Handy,* 761 F.2d 1279, 1280 (9th Cir.1985); *United States v. Affleck,* 765 F.2d 944, 952 (10th Cir.1985); *United States v. Giancola,* 754 F.2d 898, 900 (11th Cir. 1985); *United States v. Perholtz,* 836 F.2d 554, 555 (D.C.Cir.1987).

It seems evident that if the Second Circuit were to agree with defendant that the evidence was insufficient at trial to establish fraudulent intent, reversal would result. It is hornbook law that every crime has an actus reus and a mens rea. *See Liparota v. United States,* 471 U.S. 419, 425, 105 S.Ct. 2084, 2088, 85 L.Ed.2d 434 (1985) (quoting *Morrissette v. United States,* 342 U.S. 246, 250, 72 S.Ct. 240, 243, 96 L.Ed. 288 (1952)). It is not as obvious that a new trial or reversal would result if the Second Circuit agreed with defendant that the similar acts should have been excluded. However, given that the past check kiting was offered as proof of defendant's intent, an element absolutely necessary to a guilty verdict, the likelihood that a favorable appellate decision on this issue would require a new trial still seems sufficiently strong to satisfy 18 U.S.C. § 3143(b). *See United States v. Manafzadeh,* 592 F.2d 81, 89 (2d Cir.1979) (reversing conviction because similar act evidence was improperly admitted). It suffices to say that the substantial issues of criminal intent and the admissibility of the similar acts are "so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial." *Randell,* 761 F.2d at 125 (quoting *Miller,* 753 F.2d at 23).

### CONCLUSION

The defendant has met her burden with respect to the four considerations identified in *Randell* and is entitled to release pending appeal pursuant to 18 U.S.C. § 3143(b). Defendant's motion is therefore GRANTED. Bail is continued under the conditions previously set by the court. Order Setting Conditions of Release, Doc. 4.

It is so ordered.