09-4698-cr(L)
United States v. Spitsyn et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of December, two thousand and ten.

Present:      JOSEPH M. McLAUGHLIN,
             ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
                  *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                         *Appellee*,

        -v.-                                        09-4698-cr(L), 09-5182-cr(CON)

ALEKSANDR SPITSYN, also known as Sasha,
JOSEPH VASILEVSKY, also known as Osek,

                         *Defendants-Appellants*.

_____

Bruce R. Bryan, Syracuse, NY, *for* Appellant Aleksandr Spitsyn.

JaneAnne Murray, Murray Law LLC, New York, NY and Robert A. Culp (*on the brief*), Law Office of Robert A. Culp, Garrison, NY, *for* Appellant Joseph Vasilevsky.

Antonia M. Apps and Michael A. Levy (*on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney, Southern District of New York, *for* Appellee United States of America.

Appeal from the United States District Court for the Southern District of New York (Scheindlin, *J.*).

**ON CONSIDERATION WHEREOF**, **IT IS HEREBY ORDERED**, **ADJUDGED**, **AND DECREED** that the judgment of said district court be and hereby is **AFFIRMED** in part and **VACATED** and **REMANDED** in part.

Aleksandr Spitsyn and Joseph Vasilevsky appeal from convictions of bank fraud, conspiracy to commit bank fraud, and transporting, and conspiring to transport, stolen checks. Defendants appeal on the grounds that the evidence is insufficient to sustain the convictions and the district court erred in imposing certain Sentencing Guidelines enhancements. In addition, Spitsyn appeals the district court's denial of his motion to suppress his post-arrest statement. We assume the parties' familiarity with the underlying facts, procedural history, and issues presented on appeal.

First, when a party challenges a district court's ruling on a motion to suppress evidence, we review the court's factual findings for clear error and the court's legal conclusions de novo. *United States v. Ivezaj*, 568 F.3d 88, 96 (2d Cir. 2009).

Before a suspect may be subjected to custodial interrogation, she must be informed that she has the right to remain silent, that any statement she makes may be used against her, and that she has a right to have counsel present. *See Miranda v. Arizona*, 384 U.S. 436, 467-71 (1966). To establish a valid waiver, the Government has the burden of showing, by a preponderance of evidence, that the suspect voluntarily waived her rights, while fully aware of the right being waived and the consequences of the waiver. *Moran v. Burbine*, 475 U.S. 412, 421 (1986).

Here, the district court did not clearly err by finding that Spitsyn's waiver of *Miranda* rights was uncoerced and knowing. Spitsyn signed Russian- and English-language forms acknowledging he understood his *Miranda* rights, he verbally told the arresting agents that he understood his rights, and he testified at the suppression hearing that he had read his rights on the Russian language form and "understood that [he] had the right to remain silent." Further, the district court found credible the arresting agent's testimony that Spitsyn's waiver was knowing and voluntary. The district court did not clearly err by finding that Spitsyn voluntarily and knowingly waived his *Miranda* rights and denying Spitsyn's motion to suppress.

Second, we review de novo a challenge to the sufficiency of the evidence and "affirm if the evidence, when viewed in its totality and in the light most favorable to the government, would permit any rational jury to find the essential elements of the crime beyond a reasonable doubt." *United States v. Geibel*, 369 F.3d 682, 689 (2d Cir. 2004). After an exhaustive review of the record, we find that a rational jury could find Defendants guilty of the four charged offenses, for substantially the same reasons the district court noted in its opinion denying Defendants' post-verdict motions for judgments of acquittal or for new trials.

Third, we review criminal sentences "for abuse of discretion, a standard that incorporates de novo review of questions of law . . . and clear-error review of questions of fact." *United States v. Bonilla*, 618 F.3d 102, 108 (2d Cir. 2010). Here, the Government presented testimony

that Defendants received 31 stolen checks and 3 FBI-generated checks from Leonid Volov, totaling less than $15,000, and cashed the checks at a New Jersey check-cashing facility. The Government also submitted documentary evidence that Defendants cashed 545 additional checks at the New Jersey facility, although the checks were not from Volov. The Government argued that the district court could infer that the 545 checks were stolen, like the Volov checks, but the district court stated that while "in my heart of hearts I believe that some percentage [of the 545 non-Volov checks] were stolen," "I have no basis" to "parse one by one." The district court instead found that the 545 checks to over 50 payees were either stolen or part of an insurance fraud scheme and calculated the Defendants' Guidelines offense levels accordingly under U.S.S.G. § 2B1.1(b)(1) (specifying offense level increases for greater losses to victims) and U.S.S.G. § 2B1.1(b)(2) (specifying offense level increases for higher numbers of victims).

Defendants and the Government all agree that the district court erred. As the Government stated:

> [T]he existing evidentiary record does not support a finding that any of the non-Volov Checks were the product of insurance fraud or, moreover, that Vasilevsky and Spitsyn knew or consciously avoided finding out that any of the non-Volov Checks were the product of insurance fraud.

We agree. Because the district court relied on insufficient evidence to include all 545 non-Volov checks as "relevant conduct" under U.S.S.G. § 2B1.1(b), the district court clearly erred. *E.g.*, *United States v. Phillips*, 431 F.3d 86, 89-90 (2d Cir. 2005). Therefore, we vacate the Defendants' sentences and remand the case to the district court for new sentencing proceedings.

Vasilevsky requests that we "direct that resentencing on remand be conducted on the existing sentencing record, with no opportunity for either party to reopen or add to that record." As Vasilevsky notes, numerous circuit courts have held that the record on a sentencing remand ordinarily should not be reopened with respect to issues on which the Government had the burdens of production and persuasion. *E.g.*, *United States v. Noble*, 367 F.3d 681, 682 (7th Cir. 2004); *United States v. Hudson*, 129 F.3d 994, 995 (8th Cir. 1997); *United States v. Leonzo*, 50 F.3d 1086, 1088 (D.C. Cir. 1995); *United States v. Dickler*, 64 F.3d 818, 832 (3d Cir. 1995); *United States v. Parker*, 30 F.3d 542, 553-54 (4th Cir. 1994). *But see United States v. Matthews*, 278 F.3d 880, 885-86 (9th Cir. 2002). However, circuit courts also have allowed the Government to submit additional evidence on remand if the Government "tender[s] a persuasive reason why fairness so requires." *E.g.*, *United States v. Johnson*, 587 F.3d 203, 213 (3d Cir. 2009) (quoting *Dickler*, 64 F.3d at 832). Here, because the district court has not yet ruled on whether the Government may submit additional evidence, we decline to rule on Vasilevsky's request. We allow the district court, in the first instance, to determine whether to reopen the sentencing record.

We have considered Defendants' remaining arguments and find them to be without merit.

3

For the foregoing reasons, the judgment of the district court is **AFFIRMED** in part. Defendants' sentences are **VACATED** and the case is **REMANDED** to the district court for new sentencing proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4