UNITED STATES of America,

v.

**Thomas ARCHER, Defendant.**

**No. 08 CR 288 (SJ).**

United States District Court,
E.D. New York.

Dec. 28, 2010.

---

United States Attorney, Loretta E. Lynch, United States Attorney, by: Andrew Goldsmith, Soumya Dayananda, Brooklyn, NY.

Jonathan I. Edelstein, by: Jonathan Isidor Edelstein, New York, NY, for Defendant Thomas Archer.

## MEMORANDUM AND ORDER

JOHNSON, Senior District Judge:

Defendant Thomas Archer ("Archer"), an attorney, was charged in a four count superseding indictment with conspiracy to commit visa fraud (Count One) and with three counts of visa fraud (Counts Two, Four and Five).[1] On March 15, 2010, the case proceeded to trial and on March 24, 2010, he was convicted of all counts charged. (His co-defendant Rukhsana Rafique ("Rafique") was convicted of three of the four counts.)

After carefully reviewing the evidence adduced at trial, this Court denied Archer's motion for acquittal and for a new trial pursuant to Federal Rules of Criminal Procedure 29 and 33, respectively. (*See* Docket No. 176.) On October 20, 2010, Archer was sentenced to 60 months imprisonment on each count to run concurrently, three years supervised release on each count to run concurrently, a special assessment of $400, and restitution in the amount of $309,500. (*See* Docket No. 200.)

Archer timely filed a notice of appeal of his conviction and sentence. He now moves the Court for release from custody pending appeal pursuant to 18 U.S.C. §§ 3143(b) and 3145(c). After reviewing the parties' submissions and the applicable law, the motion is DENIED.

## DISCUSSION

The evidence adduced at trial was detailed in this Court's Order denying the Rule 29 and 33 motions. (*See* Docket No. 176 at 28.) The Court will mention the evidence adduced to the extent necessary to analyze the instant motions.

*18 U.S.C. § 3143*

 In relevant part, 18 U.S.C. § 3143 requires the Court to order that a

---

**1.** The Court granted the government's motion to dismiss Count Three prior to trial.

person who has been found guilty of an offense, has been sentenced to a term of imprisonment, and has filed an appeal, be detained unless the Court finds:

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in: (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1). The Second Circuit has stated that this Court therefore must determine the following factors: (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released; (2) that the appeal is not for purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial on all counts on which imprisonment has been imposed. *United States v. Randell,* 761 F.2d 122, 125 (2d Cir.1985). The defendant bears the burden of establishing that he is entitled to release pending appeal. *See* Fed. R.Crim.P. 46(c); *Randell,* 761 F.2d at 125.

1. *Likely to Flee or Danger to Community*

■ Under the first prong of the *Randell* test, the defendant must establish that he is not likely to flee or does not pose a danger to the community if released by

"[e]vidence indicating that the thing to be proved is highly probable or reasonably certain." *Ragbir v. Holder,* 389 Fed.Appx. 80, 84 (2d Cir.2010) (defining "clear and convincing evidence") (citations omitted).

■ The Court finds that, under the circumstances of this case, Archer is not a flight risk. Archer has strong family ties and roots in his community; if he had considered fleeing, he would have done so prior to sentencing. *See United States v. Galanis,* 695 F.Supp. 1565, 1569–70 (S.D.N.Y.1988). Since the verdict was rendered, Archer has complied with the Court's and Pre-trial Services' requirements. The Court finds that it is "reasonably certain" that Archer will not attempt to flee pending his appeal.

■ The Court also finds that Archer poses no danger to the safety of any other person or the community if released. Archer is not convicted of a violent crime or of a crime with which violence is commonly associated. *See United States v. Hart,* 906 F.Supp. 102, 105 (N.D.N.Y. 1995); *cf. United States v. Morrison,* No. 04–CR–699, 2009 WL 2973481, at *4 (E.D.N.Y. Sept. 10, 2009) (defendant failed to show he was not a risk to the community where the trial evidence showed that he orchestrated several violent crimes). His law license has been suspended and therefore he is unable to use it to represent unwitting visa applicants. (*See* Gov't Mem. Ex. A.) While the Government correctly argues that Archer does not need his law license to file immigration applications, the fact remains that Archer relied on his co-defendant Rafique and Sarvjit Singh, the paralegal in his law practice, to recruit and communicate with Urdu- and Hindi-speaking clients. Without his law license or the assistance of either Rafique or Singh, Archer no longer has the "essential" tools necessary to commit further visa fraud. *See Galanis,* 695 F.Supp. at 1570

344

(defendant unable to commit further securities and investment fraud without access to offices and skilled accomplices); *Hart,* 906 F.Supp. at 105 (defendant unable to further commit bank fraud).

### 2. *Appeal is Not for Purposes of Delay*

■ The second *Randell* factor is whether the defendant is pursuing his appeal for the purposes of delay. The Court finds no evidence of dilatory tactics in this case. Archer timely filed a notice of appeal after the judgment was entered and has retained appellate counsel. (*See* Docket No. 205.) His counsel has started his investigation into the substantive questions presented in the appeal. (*See* Def. Mem. 8; Def. Suppl. Decl. ¶¶ 2, 4.) The Government does not argue that Archer takes an appeal for the purposes of delay, but notes that Archer's payment of a retainer to his appellate attorney conflicts with the Pre-Sentence Report finding that Archer has a negative monthly cash flow and net worth. (*See* Gov't Mem. 6 n. 3.) Archer responds that his appellate counsel's retainer was paid with funds from his mother. The Court does not find that this fact somehow undermines a finding that the appeal is pursued in good faith. *See Galanis,* 695 F.Supp. at 1569 (finding no delay in appeal; defendant retained counsel "through funds provided by friends").

### 3. *Substantial Questions of Law Likely to Change the Result of Trial*

■ Under the third and fourth prongs of the *Randell* test, the defendant must demonstrate that any question raised on appeal is "substantial." In other words, the question must be " 'one of more substance than would be necessary to a finding that it was not frivolous. It is a "close" question or one that very well could be decided the other way.' " *Randell,* 761 F.2d at 125 (quoting *United States v. Giancola,* 754 F.2d 898, 901 (11th Cir.

1985)). If the Court finds that the question raised on appeal is substantial, "it must then consider whether that question is 'so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial.' " *Randell,* 761 F.2d at 125. Moreover, the question must result in conviction or an order for a new trial "on all of the counts for which [the defendant] received prison terms." *Id.* at 126.

Archer argues that he raises three substantial questions on appeal: (1) the evidence is insufficient to prove him guilty of conspiracy or substantive visa fraud; (2) this Court erroneously rejected Archer's proposed jury instructions during trial; and (3) this Court erroneously calculated his sentence under the Sentencing Guidelines. (Def. Mem. 9–29.) The Court is not persuaded.

#### a. *Sufficiency of the Evidence*

■ In a sufficiency challenge, the defendant "bears a heavy burden because a reviewing court must consider the evidence 'in the light most favorable to the prosecution' and uphold the conviction if 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " *United States v. Aguilar,* 585 F.3d 652, 656 (2d Cir.2009) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). The Second Circuit defers "to the jury's determination of the weight of the evidence and the credibility of the witnesses, and to the jury's choice of the competing inferences that can be drawn from the evidence." *United States v. Torres,* 604 F.3d 58, 66 (2d Cir.2010).

■ In this case, Archer's sufficiency challenge to his conviction for conspiracy does not raise a question that is "close." As this Court noted in its Order denying Archer's post-trial motions, the jury heard ample evidence from which it could con-

clude that Archer and Rafique conspired to prepare fraudulent visa applications. (*See* Docket No. 176 at 7–9.) Such evidence could be sufficient to preclude Archer from raising a substantial question on the substantive counts of visa fraud. *See United States v. Griffith,* No. 99 CR 786(HB), 2001 WL 91389, at *2 (S.D.N.Y. Jan. 25, 2001) (no "substantial question" as to defendant's challenge to conviction on the substantive counts of the indictment when there was overwhelming evidence to convict on the conspiracy charge).

Even if the Court considers Archer's challenge to his conviction on the substantive counts, there is still no substantial question presented. Archer primarily challenges the credibility of the Government's witnesses and offers alternative inferences that may be drawn from the facts of the case. Neither argument presents a "close" question for the Court of Appeals, who must defer to the jury's determinations regarding both. *See Torres,* 604 F.3d at 66. Therefore, release pending appeal will not be premised on Archer's sufficiency challenge.

### b. *Jury Instructions*

Archer also presents no question "that very well could be decided the other way" regarding this Court's refusal to instruct the jury according to Archer's requests. In a challenge to a failure to instruct the jury, the defendant is required to show "both error and ensuing prejudice." *United States v. Sabhnani,* 599 F.3d 215, 237 (2d Cir.2010). Archer claims that this Court should have instructed the jury that his position as a solo practitioner was insufficient by itself to infer guilt, and that he had no higher duty than any other person to verify facts in his clients' visa applications. Archer provides no support for the proposition that failure to include his specific jury charges resulted in prejudicial error, nor does he argue that the remaining instructions to the jury were

erroneous. Yet "on all the criteria set out in [§ 3143](b), the burden of persuasion rests on the defendant." *Randell,* 761 F.2d at 125. Accordingly, Archer's request for release pending appeal cannot be granted on this ground.

### c. *Sentencing Calculations*

Finally, Archer alleges error in the sentencing enhancements applied for: (1) filing 100 or more fraudulent forms, (2) participating in a criminal enterprise involving five or more persons, and (3) obstructing justice. He argues that his challenges to the sentence calculation will result in "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B)(iv). The Court is not convinced.

Because Archer timely objected to his sentence, on appeal this Court's interpretation of the Sentencing Guidelines is reviewed de novo and its factual findings for clear error. *United States v. Jass,* 569 F.3d 47, 65–66 (2d Cir.2009). A finding regarding the number of documents involved in the offense and Archer's role in the conspiracy are fact findings reviewed for clear error. *United States v. Proshin,* 438 F.3d 235, 238 (2d Cir.2006) (documents); *United States v. Melendez,* 41 F.3d 797, 800 (2d Cir.1994) (role). The Court's findings regarding the obstruction of justice enhancement is reviewed under a mixed standard of review: "[t]he sentencing court's findings as to what acts were performed, what was said, what the speaker meant by [his] words, and how a listener would reasonably interpret those words" are reviewed for clear error; "[a] ruling that the established facts constitute obstruction or attempted obstruction … is a matter of legal interpretation and is to be reviewed de novo[.]" *United States v. Bliss,* 430 F.3d 640, 646 (2d Cir.2005) (citations omitted).

■ Archer's arguments fail to raise a substantial question for each alleged error. As to the enhancement for filing over 100 documents, the evidence showed by a preponderance that between July 2004 and December 2005, the dates of the conspiracy, Archer filed 175 applications on his clients' behalf, many of which asserted the same factual circumstances regarding the clients' entry into the United States or in the supporting affidavits. Archer argues that the Second Circuit's recent decision in *United States v. Spitsyn,* 403 Fed.Appx. 572 (2d Cir.2010), stands for the proposition that individualized proof regarding the additional documents' fraudulent nature must be submitted. He is mistaken. In *Spitsyn,* the defendants were convicted of conspiring to transport and transporting stolen checks; the district court included additional checks in the defendants' relevant conduct for sentencing purposes despite its doubts that it had authority to do so. 403 Fed.Appx. at 573–75. The Government conceded the district court's errors in including the additional checks, and the Second Circuit remanded for new sentencing. *Id.* at 574–75. In this case, unlike in *Spitsyn,* there was trial testimony regarding the documents, and the jury was able to view the documents after they were submitted into evidence. Moreover, here the Government does not concede error and this Court did not doubt its authority to impose the enhancement.

■ As to Archer's challenges to the enhancements for participating in a conspiracy of five or more persons and for obstructing justice, neither presents a "close" question. Archer's criminal conduct was "extensive" within the meaning of U.S.S.G. § 3B1.1(a) because numerous applicants and affiants were necessary to the fraud. *See United States v. Bennett,* 252 F.3d 559, 566 (2d Cir.2001). Additionally, the facts support an enhancement pursuant to U.S.S.G. § 3C1.1(A) for obstruction of justice. Archer, after his arrest, repeatedly called his former paralegal Singh and later sent him text messages. When Singh failed to respond to a text message request to "signal" Archer that he was a government witness, Archer sent another text message: "Pussy." The covert communications and subsequent derogatory language when Singh failed to respond were directly related to Singh's role as a potential Government witness. Archer's challenge to the obstruction enhancement could not be "decided the other way." *Randell,* 761 F.2d at 125. Accordingly, he has not demonstrated entitlement to release pending appeal based on his challenges to the sentence calculation.

*18 U.S.C. § 3145*

■ Finally, Archer requests release pending appeal pursuant to 18 U.S.C. § 3145. That statute states in relevant part: "A person subject to detention pursuant to section 3143 [ (b)(2) ], and who meets the conditions of release set forth in section 3143[ (b)(1) ], may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). Archer's offenses are not listed in 18 U.S.C. § 3143(b)(2) and he is not precluded by statute from obtaining bail pursuant to § 3143(b)(1). *See United States v. DiSomma,* 951 F.2d 494, 496 (2d Cir.1991). Accordingly, he will not be granted bail pursuant to § 3145(c).

### CONCLUSION

For the foregoing reasons, Defendant's motions pursuant to 18 U.S.C. §§ 3143(b) and 3145(c) are DENIED.