**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

ROBERT DAVID BECKLEY, a/k/a
Robert Kyle Lynch,
  *Defendant-Appellant.*

No. 03-4299

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-02-331)

Submitted: March 29, 2004

Decided: April 20, 2004

Before WIDENER, WILKINSON, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Camille M. Davidson, THE FULLER LAW FIRM, P.C., Charlotte,
North Carolina, for Appellant. Anna Mills Wagoner, United States
Attorney, Robert M. Hamilton, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Robert David Beckley pled guilty to credit card fraud, in violation of 18 U.S.C. § 1029(a)(3), (c)(1)(A)(i) (2000). He was sentenced to forty-four months imprisonment. On appeal, he argues that: (1) he received ineffective assistance of counsel; (2) the district court improperly increased his offense level by two for use of sophisticated means under *U.S. Sentencing Guidelines Manual* § 2B1.1(b)(8)(C) (2002); and (3) the district court erred in imposing a fourteen-level enhancement under USSG § 2B1.1(b)(1)(H) based on its calculation of the amount of loss attributable to him. Finding no reversible error, we affirm.

Beckley first claims that he received ineffective assistance of counsel. In order to prevail on his ineffective assistance claim on direct appeal of his guilty plea, Beckley must not only demonstrate that his attorney's actions were both deficient and prejudicial, *see Strickland v. Washington*, 466 U.S. 668 (1984), but it must "conclusively appear" from the appellate record that he did not receive effective representation. *See United States v. Gastiaburo*, 16 F.3d 582, 590 (4th Cir. 1994) (citing cases). In addition, as to the prejudice prong, Beckley must show there is a reasonable probability that, but for counsel's error, he would not have pled guilty. *See Hill v. Lockhart*, 474 U.S. 52 (1985). We do not find that ineffective assistance conclusively appears on the face of the record.

Beckley next argues that the district court erred in imposing a two-level enhancement under USSG § 2B1.2(b)(8)(C) for use of sophisticated means. This court reviews a sentencing court's factual findings for clear error and its related legal conclusions, including the application of the sentencing guidelines, de novo. *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989). We find no error in the court's application of this guideline.

Last, Beckley argues that the district court did not correctly determine the amount of loss attributable to him, and therefore, maintains that the court improperly applied USSG § 2B1.1(b)(1)(H). This section provides that, if the loss exceeded $400,000, fourteen levels are added to defendant's offense level. The Government must establish the amount of loss by a preponderance of the evidence. *United States v. Harris*, 882 F.2d 902, 907 (4th Cir. 1989). The court need only make a reasonable estimate of the loss based on available information. USSG § 2B1.1, comment. (n.2(C)). Without an affirmative showing by the defendant that information in the presentence report is inaccurate, the district court is free to adopt the presentence report's findings without more specific inquiry or explanation. *United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990).

Because Beckley did not object to the loss calculation in the district court, this claim is reviewed for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731 32 (1993). Four conditions must be met before this court will notice plain error: (1) there must be error; (2) it must be plain under current law; (3) it must affect substantial rights, typically meaning the defendant is prejudiced by the error in that it affected the outcome of the proceedings; and (4) the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 733-37. The amount of loss used in determining the offense level is the greater of the actual or intended loss. USSG § 2B1.1, comment. (n.2(A)). We find that the district court did not commit plain error in its imposition of the fourteen-level enhancement under USSG § 2B1.1(b)(1)(H).

Accordingly, we affirm Beckley's sentence. While we grant Beckley's motion to file a pro se "Supplement to Appeal Brief," we find his pro se claims without merit. Furthermore, we deny Beckley's motion to proceed pro se, his motion to file a reply brief to government's answer to appeal brief filed by counsel, and his motion for a court order directing the U.S. Attorney to provide a full and complete copy of an itemized list of credit card account numbers with the maximum credit limit for each, itemized attempted purchases, and the actual loss on each card alleged. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*