**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-4299**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT DAVID BECKLEY, a/k/a Robert Kyle Lynch,

Defendant - Appellant.

On Remand from the Supreme Court of the United States.
(S. Ct. No. 04-6588)

Submitted: May 13, 2005          Decided: June 20, 2005

Before WIDENER, WILKINSON, and MOTZ, Circuit Judges.

Remanded for resentencing by unpublished per curiam opinion.

Camille Michel Davidson, THE FULLER LAW FIRM, P.C., Charlotte,
North Carolina, for Appellant.  Anna Mills Wagoner, United States
Attorney, Robert M. Hamilton, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Robert Beckley was convicted, after a guilty plea, on one count of credit card fraud. We affirmed his conviction and sentence, and subsequently denied rehearing. See United States v. Beckley, No. 03-4299 (4th Cir. Apr. 20, 2004) (unpublished).

Beckley filed a petition for writ of certiorari in the United States Supreme Court. His petition was granted, and this court's judgment was vacated, in light of the decision in United States v. Booker, 125 S. Ct. 738 (2005). In re Beckley, 125 S. Ct. 1045 (2005). Beckley's case has been remanded to this court for further proceedings. Id. He has moved for release on bail pending further proceedings on remand from the Supreme Court.

Beckley's sentence was imposed prior to the decisions in Booker and its predecessor, Blakely v. Washington, 124 S. Ct. 2531 (2004), and he did not raise objections to his sentence based on the mandatory nature of the Sentencing Guidelines or the district court's application of sentencing enhancements based on facts not admitted by Beckley or found by a jury beyond a reasonable doubt. Therefore, we review his sentence for plain error. See United States v. Hughes, 401 F.3d 540, 546-60 (4th Cir. 2005). Beckley's

- 2 -

Guidelines range was calculated as follows:

| | |
|---|---:|
| Base offense level[1] | 6 |
| Intended loss of over $400,000[2] | + 14 |
| Use of sophisticated means[3] | + 2 |
| Adjusted offense level | 22 |
| Acceptance of responsibility[4] | - 3 |
| Total offense level: | 19 |
| Criminal history category: | III |
| Guidelines range: | 37-46 months |

The district court imposed a term of imprisonment of forty-four months. If not for the enhancement based on use of sophisticated means, a fact found by the district court (and disputed by Beckley at sentencing), his offense level would be reduced by two levels, resulting in a Guidelines range of 30-37 months. See USSG § 2B1.1(b)(8)(C). Moreover, if the district court had not enhanced Beckley's offense level for an amount of loss greater than the amount he has essentially admitted – $48,058 – his offense level would be reduced by another eight levels, for a Guidelines range of 8-14 months. See USSG § 2B1.1(b)(1)(D), (H). His forty-four month sentence thus meets the standard for plain error that must be

---

[1]U.S. Sentencing Guidelines Manual (USSG) § 2B1.1(a)(2) (2002 & Supp. 2003).

[2]USSG § 2B1.1(b)(1)(H).

[3]USSG § 2B1.1(b)(8)(C).

[4]USSG § 3E1.1. The Government does not challenge the adjustment for acceptance of responsibility.

recognized under the reasoning set forth in Hughes.[5]  Accordingly,

we grant Beckley's motion to remand for resentencing in light of

Booker.[6]

Finally, Beckley moves for bail pending further

proceedings on remand from the Supreme Court.  Motions for bail

pending appeal are governed by 18 U.S.C. § 3143(b) (2000).  See

United States v. Steinhorn, 927 F.2d 195, 196 (4th Cir. 1991).  Of

particular relevance here, the court must consider whether the

appeal presents a substantial question, and whether, if that

question is decided in the defendant's favor, the defendant is

likely to receive a sentence shorter than the sum of time served

plus the expected duration of the appeal process.   18 U.S.C.

§ 3143(b)(1)(B); see Steinhorn, 927 F.2d at 196.

---

[5]Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of
course offer no criticism of the district judge, who followed the
law and procedure in effect at the time" of Beckley's sentencing.
See generally Johnson v. United States, 520 U.S. 461, 468 (1997)
(stating that an error is "plain" if "the law at the time of trial
was settled and clearly contrary to the law at the time of
appeal").

[6]Although the Sentencing Guidelines are no longer mandatory,
Booker makes clear that a sentencing court must still "consult
[the] Guidelines and take them into account when sentencing." 125
S. Ct. at 767.  On remand, the district court should first
determine the appropriate sentencing range under the Guidelines,
making all factual findings appropriate for that determination.
See Hughes, 401 F.3d at 546.  The court should consider this
sentencing range along with the other factors described in 18
U.S.C. § 3553(a) (2000), and then impose a sentence. Id. If that
sentence falls outside the Guidelines range, the court should
explain its reasons for the departure as required by 18 U.S.C. §
3553(c)(2) (2000).   Id.   The sentence must be "within the
statutorily prescribed range and . . . reasonable." Id. at 546-47.

The Government concedes that a substantial question exists about whether Beckley is entitled to resentencing. Nevertheless, the Government argues that Beckley is not entitled to release pending appeal because he has not shown a likelihood that, on resentencing, he will receive a sentence shorter than "the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B)(iv). Beckley counters that his sentence was enhanced based on facts not charged in the indictment or found by a jury beyond a reasonable doubt. He contends that because he has already served three quarters of his forty-four month sentence, his appeal may result in a shorter sentence, and if he is not released, the Supreme Court's intent in vacating this court's judgment will be frustrated.

Beckley has demonstrated a substantial question regarding the propriety of his sentence in light of Booker and Hughes. However, the possibility that Beckley will receive a sentence on remand that is less than the sum of the time remaining on his sentence and the duration of the appeal process is speculative at best. On remand, the district court will calculate a sentencing range in accordance with the Guidelines, although that range will be advisory rather than mandatory. See Booker, 125 S. Ct. at 767. Neither Beckley's base offense level nor his criminal history category will change. Beckley has not shown that it is as likely as not that the district court will elect to sentence him based on

different facts than those applied in his first sentencing proceeding, or exercise its discretion in his favor on the same facts.

On this record, release on bail pending further proceedings is not warranted. We deny as moot Beckley's petition for a writ of mandamus seeking a ruling on the bail motion.

In sum, we grant Beckley's motion to remand this case for resentencing in light of <u>Booker</u>. We deny Beckley's motions for release on bail pending further proceedings. We grant Beckley's motion to file a pro se formal brief, grant Beckley's motion to proceed pro se in the present appeal, and grant counsel's motion to withdraw from further representation.[7] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>REMANDED FOR</u>
<u>RESENTENCING</u>

---

[7]The district court may, of course, appoint counsel for Beckley on resentencing.