10-2076-cr
United States v. Motz

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of January, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
         PETER W. HALL,
             *Circuit Judges*,
         STEFAN R. UNDERHILL,*
             *District Judge.*

---

UNITED STATES OF AMERICA,

             *Appellee,*

     v.                               10-2076-cr

MELHADO, FLYNN & ASSOCIATES, INC.,

             *Defendant,*

GEORGE M. MOTZ,

             *Defendant-Appellant.*

---

\* Judge Stefan R. Underhill, of the United States District Court for the District of Connecticut, sitting by designation.

FOR APPELLANT:     STEVEN Y. YUROWITZ, Newman & Greenberg, New York, N.Y. (Richard A. Greenberg, Newman & Greenberg, New York, N.Y.; G. Robert Gage, Jr., Laura-Michelle Horgan, Gage Spencer & Fleming LLP, New York, N.Y., *on the brief*).

FOR APPELLEE:      ROGER BURLINGAME, Assistant United States Attorney (Susan Corkery, William E. Schaeffer, Assistant United States Attorneys, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Spatt, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of United States District Court for the Eastern District of New York imposing a sentence of 96 months' incarceration is **AFFIRMED**. We **VACATE** the district court's restitution order and **REMAND** for proceedings consistent with this order.

Appellant George Motz contests only the district court's restitution order and imposition of an incarcerative sentence of 96 months.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Motz first argues that the district court erred in applying a 16-level enhancement under United States

2

Sentencing Guidelines ("the Guidelines") § 2B1.1(b)(1) for causing approximately $2.4 million in losses to the victims of his fraudulent trade allocation scheme. Specifically, Motz claims that (1) the theory of loss advanced by the government and adopted by the district court is unsound; (2) the loss amount of $2.4 million included losses incurred by Motz's victims prior to the passage of 18 U.S.C. § 1348, thus violating the Constitution's *Ex Post Facto* Clause; and (3) the loss total was "intolerably ambiguous."

The government bears the burden of demonstrating by a preponderance of the evidence that a specific Guideline enhancement applies. *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992). "We review the district court's factual findings on loss for clear error and its conclusions of law *de novo*." *United States v. Carboni*, 204 F.3d 39, 46 (2d Cir. 2000). "Although the district court's factual findings relating to loss must be established by a preponderance of the evidence, the court need not establish the loss with precision but rather need only make a reasonable estimate of the loss, given the available information." *United States v. Uddin*, 551 F.3d 176, 180 (2d Cir. 2009) (internal quotation marks and citations omitted); *see* U.S.S.G. § 2B1.1 comment n.3(C).

We reject Motz's argument that the theory of loss adopted by the district court is unsound. The clients victimized by Motz's cherry-picking scheme paid a higher price for the securities Motz allocated to them than the security was worth at the time of allocation. The difference between the price the clients were charged for the security and its worth at the time of allocation is a reasonable estimate of loss.

Motz's *Ex Post Facto* argument, advanced for the first time on appeal and thus subject to plain error review, *see* *United States v. Olano*, 507 U.S. 725, 731 (1993), is similarly unavailing. To prevail on plain error review, the defendant must show: "(1) there is an error; (2) the error is plain . . . ; (3) the error affected the [defendant's] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 628 F.3d 36, 42 (2d Cir. 2010) (internal quotation marks and brackets omitted).

Even assuming that the district court's inclusion of losses that occurred prior to Congress's enactment of 18 U.S.C. § 1348 was error and such error was plain, Motz

4

cannot demonstrate that the inclusion of those losses affected his substantial rights because the losses incurred after 18 U.S.C. § 1348 was enacted totaled approximately $1.4 million—a loss amount comfortably within the $1 million to $2.5 million loss range warranting a 16-level enhancement under the Guidelines. *See* U.S.S.G. § 2B1.1(b)(1).

Finally, the loss figure adopted by the district court is not, as Motz contends, "intolerably ambiguous." The Guidelines do not require that losses be calculated with precision, and we find no error in the district court's reliance on the government expert's analysis as a reasonable estimate of loss. Because a legitimate trade is as likely to gain value during the course of any particular day as it is to lose value, and because the expert was conservative in identifying the total number of assignable trades in the first place, any legitimate trades included in the loss calculation would not introduce intolerable ambiguity into the court's estimations of loss.

We next turn to, and reject, Motz's argument that the district court erred in applying a 4-level enhancement under § 2B1.1(b)(2)(B) of the Guidelines because it incorrectly concluded that the scheme involved 50 or more victims. The Guidelines define "victim" as "any person who sustained any

5

part of the actual loss." U.S.S.G. § 2B1.1 comment n.1. Though Motz advances a number of arguments in his brief as to why the district court erred on this point, we address only his two most potent arguments here: (1) that the victim list likely contained individuals who were not injured by Motz's scheme, and (2) that the victim list included victims harmed before the passage of 18 U.S.C. § 1348, thus violating the *Ex Post Facto* Clause. Putting aside the question of whether Motz properly raised these objections below, the district court did not commit reversible error. There were a number of losing trades that Motz assigned to more than 50 discretionary accounts after the passage of 18 U.S.C. § 1348. Indeed, the record demonstrates that Motz assigned losses to seventy-six distinct accounts on September 25, 2003; losses to sixty-eight distinct accounts on February 19, 2004; and losses to sixty-nine distinct accounts on June 17, 2004. Therefore, the government carried its burden in demonstrating by a preponderance of the evidence that a 4-level enhancement under § 2B1.1(b)(2)(B) of the Guidelines was warranted. *See United States v. Iannuzzi*, 372 Fed. App'x 98, 100 (2d Cir. 2010).

We do, however, vacate the district court's order requiring Motz to pay $864,806 in restitution. The

6

Mandatory Victims Restitution Act ("MVRA") provides, in relevant part, that "the court shall order . . . that the defendant make restitution to the victim of [a fraud] offense." 18 U.S.C. § 3663A(a)(1). The MVRA defines "victim" as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." 18 U.S.C. § 3663A(a)(2). The district court is required to determine the amount of each victim's loss and include it in the restitution order. *See* 18 U.S.C. § 3664(f)(1)(A); *United States v. Pescatore*, 637 F.3d 128, 141 (2d Cir. 2011); *United States v. Catoggio*, 326 F.3d 323, 329 (2d Cir. 2003). Because the district court failed to do so here, we vacate its restitution order.

We are troubled by the government's failure below to make any effort to demonstrate the amount of loss each individual victim incurred as a result of Motz's cherry-picking scheme. Nevertheless, we remand to the district court to consider in the first instance whether to allow the government to supplement the sentencing record with new evidence or whether sufficient evidence has already been presented to carry the government's burden under the MVRA. *See United States v. Spitsyn*, 403 Fed. App'x 572, 575 (2d Cir. 2010).

We have considered Motz's remaining arguments and, after a thorough review of the record, find them to be without merit.

For the foregoing reasons, the judgment of the district court imposing a sentence of 96 months' incarceration is hereby **AFFIRMED**.  We **VACATE** the district court's restitution order and **REMAND** for proceedings consistent with this order.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk
```